Administrators of JOEL BEAMAN *v.* DAVID RUSSELL.

An alteration of a written instrument, if nothing appear to the contrary, should be presumed to have been made at the time of its execution. But, generally, the whole inquiry, whether there has been an alteration, and, if so, whether in fraud of the defending party, or otherwise, to be determined by the appearance of the instrument itself, or from that and other evidence in the case, is for the jury. The court, upon the usual proof of the execution of the instrument, should admit it in evidence, without reference to the character of any alterations upon it, leaving all testimony in relation to such alteration to be given to the jury, and passed upon by them, under proper instructions from the court upon any given state of facts.

If a promise of indemnity be not collateral to the liability of some other person to the same party to whom the promise is made, it is not within the statute of frauds ; and in the absence of all evidence that there was a liability of any other person to the plaintiff, to which the defendant's promise of indemnity could have been collateral, it must be treated as an original promise.

ASSUMSSIT. The action was commenced in the life time of the plaintiff, Joel Beaman, and, upon his decease during the pendency of the suit, was afterwards prosecuted by his administrators. The plaintiff alleged in his declaration, that on the sixteenth day of March, 1827, in consideration that the plaintiff would sign with John Blanchard, Alexander Robertson and Anthony Blanchard two notes of that date, for $400 each, payable to the President, Directors & Co. of the Bank of Rutland in ninety days, the defendants promised, in writing, to indemnify the plaintiff for so doing ; and the plaintiff averred, that he accordingly signed the notes, and that he had been compelled to pay them. Plea, the general issue, and trial by jury, September Term, 1847,—HALL, J., presiding.

On trial the plaintiff gave in evidence two notes for $400 each, dated March 16, 1827, signed by John Blanchard, Alexander Robertson, Anthony Blanchard and the plaintiff, and made payable to the President, Directors & Co. of the Bank of Rutland in ninety days from date; and also gave evidence tending to prove, that the notes were discounted by the bank, and that they were not paid when due, and that they were paid by Beaman to the bank on or before September 17, 1827. The plaintiff then offered in evidence an instrument in writing, signed by the defendant, which was in

these words;—" I, David Russell, of the town of Salem in the coun-
' ty of Washington and state of New York, agree with Joel Beaman
' to indemnify him for signing two notes with John Blanchard, Alex-
' ander Robertson and Anthony Blanchard, for four hundred dollars
' each, dated 16th March, 1827, and payable to the President, Di-
' rectors & Co. of the Bank of Rutland, ninety days after date. Dated
' March 16th, 1827 ; "—and also gave, in connection therewith, the
testimony of a witness, tending to prove, that in March, 1827,
and about the time of the date of the two notes, Beaman produced
to the witness, at Salem, in the state of New York, as having been
signed and delivered there, the written instrument above recited,
and consulted the witness as to its legal effect, and that the notes
were afterwards signed by Beaman. There were two alterations
apparent upon the face of the written instrument offered by the plain-
tiff,—one by writing the figures "16th" over the figures "15th," in
the description of the date of the notes, and the other by entering
the figures "16th" over the figures "17th" in the date of the in-
strument itself;—and the testimony of the witness did not tend to
prove, whether these alterations were upon the paper, at the time he
saw it, or not. The defendant objected to the admission of this in-
strument as evidence, on account of these alterations, and also for
the alleged reason, that, by the laws of New York, the paper was
not evidence of a legal contract. The defendant gave no evidence
of the law of New York, upon this subject, except such as appears
upon the published reports of the decisions of the courts in that
state.

The court refused to allow the instrument to be read to the jury,
and directed a verdict for the defendant. Exceptions by plaintiff.

*E. L. Ormsby* and *R. Pierpoint* for plaintiff.

The question, whether an instrument has been altered since its
execution, is a question for the jury to decide, upon a full examina-
tion of all the circumstances attending the transaction; and although
it would be the duty of the court to give the jury proper instructions
in relation to the law applicable to the facts proved, yet all the ques-
tions concerning the alteration are questions of fact for the jury.
Cow. & H. Notes to Phil. on Ev. 1317. *Bailey* v. *Taylor et al.,* 11
Conn. 537. *Taylor* v. *Mosely,* 25 E. C. L. 393. Chit. on Bills`

Adm'rs of Beaman *v.* Russell.

212. 1 Metc. 221. *Whitfield* v. *Collingswood et al.*, 47 E. C. L. 325. By the common law an alteration in a written instrument, apparent upon its face, is presumed to have been made before its execution; and although some exceptions have been made to this rule in respect to commercial paper in England, yet it is believed, that in this State, where the great mass of the people are in the habit of making their own written contracts, the undoubted ancient rule of the common law is the only rule, that can with safety be established by our courts. 12 Vin. 57. 1 Sw. Dig. 127. *Bailey* v. *Taylor*, 11 Conn. 537. 6 Wheat. 481, 502. *Fitzgerald* v. *Ld. Fauconburg*, Fitz. 9, 207. *Towell* v. *Carth*, 1 Keb. 22. 5 Har. & J. 41. *Cumberland* v. *Hall*, 1 Halst.215. *Rankin* v. *Blackwell* 1 Johns. Cas. 198, 200. Cruise's Dig. 496.

The instrument offered by the plaintiff is evidence of a legal contract. It is an absolute promise, on the part of the defendant, that he will indemnify the plaintiff for signing the two notes. *Stadt* v. *Lill*, 9 East 348. It is not an undertaking to answer for the debt, default, or miscarriage, of any other person; but its legal import is, that the defendant, and not any third person, shall indemnify the plaintiff;—it does not suppose any existing debt of any other person to the plaintiff; and, for aught that appears from the writing or the evidence, the notes might have been given for the sole use and benefit of the defendant, and he might have given a similar writing to each of the signers of the notes.

*Foot & Hodges* and *Briggs & Williams* for defendant.

The question, whether there has been an alteration in a written instrument, is one of fact, to be found by the jury;—but that fact is not in issue in this case; the alteration is manifest and conceded. Whether an alteration is *material* is a question of law. *Stephens* v. *Gorham*, 7 Serg. & R. 508. *Bowers* v. *Jewell*, 2 N. H. 543. *Steele* v. *Spencer*, 1 Pet. 552. No question is made as to the materiality of the alteration in this case. At common law an alteration in a material part of a bill, note, &c., rendered the instrument void, as against the party not consenting to such alteration, and that, too, independently of the stamp act. *Masters* v. *Miller*, 4 T. R. 320; 2 H. Bl. 141. *Powell* v. *Divelt*, 15 East 29. Chit. on Cont. 783. *Davis* v. *Jenney*, 1 Met. 221. In this respect there is no distinction

between *deeds, notes,* or other *written instruments. Pigot's Case,* 11 Co. 28. *Newell* v. *Mayberry,* 3 Leigh 250. *Mills* v. *Starr,* 2 Bailey 359. *Adams* v. *Frye,* 3 Met. 103. Chit. on Cont. 783. Upon the question, upon whom rests the burden of showing that such alteration was properly made, the doctrine to be derived from the authorities seems to be this,—that when the plaintiff offers any evidence tending to explain the alteration, it is for the jury to say, whether it is satisfactory,—otherwise, if no explanation be given ;— or when, from the face of the instrument, by the nature of the alteration, internal evidence is afforded, that the alteration was properly made, the jury may pass upon that question,—but otherwise, when no such internal evidence is afforded by the nature of the alteration. *Johnson* v. *Marlborough,* 3 E. C. L. 380. *Henman* v. *Dickinson,* 15 E. C. L. 409. *Knights* v. *Clements,* 35 E. C. L. 377. *Leykariff* v. *Ashford,* 22 E. C. L. 450. *Jardine* v. *Payne,* 20 E. C. L. 463. *Sibley* v. *Fisher,* 34 E. C. L. 139. *Jackson* v. *Osborne,* 2 Wend. 555. *Bailey* v. *Taylor,* 11 Conn. 531. Chit. on Bills 531, 624. It is agreed by all the authorities, that where the alteration appears to be suspicious on its face, and is not duly noted, the *onus* lies with the party, who claims that it was properly made; and in this there is no distinction between negotiable paper and other written instruments. *Jackson* v. *Osborne,* 2 Wend. 555. *Jackson* v. *Jacoby,* 9 Cow. 125. 1 Shep. Touch. 69. *Bovington* v. *Bank of Washington,* 14 S. & R. 405. *Chelsey* v. *Frost,* 1 N. H. 145. In the case of a deed, where the alteration is against the interest of the grantee, it will be presumed, in the absence of testimony, to have been done at the time of execution. *Heffelinger* v. *Shutz,* 16 Serg. & R. 44. *Coalson* v. *Walter,* 9 Pet. 78.

In the case at bar we submit, that upon the weight of authority, as well as of principle, the presumption of law must be against the validity of the instrument. There being no explanatory testimony upon either side, it is a pure question of legal presumption, and let it be either way, it leaves nothing for the jury to find in respect to the alteration. If, in presumption of law, the instrument be void, it does not go to the jury, because it is no evidence of the contract, upon which the plaintiff declares; and if it be valid, it does not go to the jury for them to find any fact touching its validity, but only as evidence of the defendant's undertaking. These additional au-

Adm'rs of Beaman *v.* Russell.

thorities have a bearing upon and sustain the rule, for which we contend. *Tidmarsh* v. *Grover*, 1 M. & S. 734. *Sweeting* v. *Halsey*, 17 E. C. L. 394. *Alderson* v. *Langdale*, 23 E. C. L. 155. *Long* v. *Moore*, cited 3 Esp. R. 155. *Trapp* v. *Spearman*, 3 Esp. R. 56. *Walton* v. *Hastings*, 18 E. C. L. 271. *S. C.*, 4 Camp. 223. *Bowman* v. *Nicoll*, 1 Esp. R. 80. 5 T. R. 535. *Whitthall* v. *Masterman*, 2 Camp. 179. *Cordwell* v. *Martin*, 1 Camp. 79. *Paton* v. *Winter*, 1 Taunt. 420. *Downes* v. *Richardson*, 7 E. C. L. 227. *Sutton* v. *Toomer*, 14 E. C. L. 66. *Crotty* v. *Hodges*, 43 E. C. L. 292. *Boyd* v. *Brotherson*, 10 Wend. 93. *Nazro* v. *Turner*, 24 Wend. 374. *Cowie* v. *Hallsall*, 6 E. C. L. 399.` *Wheelock* v. *Freeman*, 13 Pick. 165. *Smith* v. *Dunham*, 8 Pick. 246. *Speake* v. *United States*, 3 Pet. Cond R. 244. *Hodges* v. *Hodges*, 9 Mass. 307. *Lewis* v. *Payne*, 8 Cow. 71. *Bolton* v. *Bishop of Carlisle*, 2 H. Bl. 259. 1 Phil. Ev. 477. 3 Cow. & H. Notes to Phil. on Ev. 1317. *Broughton* v. *Fuller*, 9 Vt. 373.

By the law of New York the *consideration*, as well as the promise, must be in writing, to bind a guarantor. *Sears* v. *Brink*, 3 Johns. 210. 2 Rev. St. of N. Y. 135. *Packer* v. *Wilson*, 15 Wend. 343. *Rogers* v. *Kneeland*, 10 Wend. 219. *Smith* v. *Ives*, 15 Wend. 182. *Marquand* v. *Kipper*, 12 Wend. 520. *Manrow* v. *Durham*, 3 Hill 584. This contract having been executed in the state of New York, every question touching the *legal effect* of the contract is to be governed by the law of that state. Chit. on Cont. 91. *Trimbey* v. *Vignier*, 25 E. C. L. 263. *De La Vega* v. *Vianna*, 20 E. C. L. 387. *Melan* v. *Fitzjames*, 1 B. & P. 138. *Alves* v. *Hodgson*, 7 T. R. 241. *Inglis* v. *Usherwood*, 1 East 516. *Male* v. *Roberts*, 3 Esp. R. 164. 3 Ves. 447. *Elkins* v. *E. I. Co.*, 1 P. Wms. 395. *Robinson* v. *Bland*, 2 Burr. 1077. *Gienar* v. *Meyer*, 2 H. Bl. 603. *Clegg* v. *Levy*, 3 Camp. 166. *James* v. *Catherwood*, 16 E. C. L. 165. *Andrews* v. *Herriott*, 4 Cow. 508. *Harrison* v. *Edwards*, 12 Vt. 648. This contract was not to be performed here, either by express terms, or by any legal implication. And the general rule is, that the law of the place, where the contract is made, or is to be executed, is to govern as to its nature, validity, construction and effect; if it is void, or discharged, by the law of the place where it is made, it cannot be enforced in any other place. 1 Camp. 341. *Pearsal* v. *Dwight*, 2 Mass. 84. *Greenwood* v. *Curtis*, 6 Mass, 358.

27

Adm'rs of Beaman *v.* Russell.

*Blanchard* v. *Russell*, 13 Mass. 1. *Prentiss* v. *Savage*, Ib. 20. *Medway* v. *Needham*, 16 Mass. 157. *West Cambridge* v. *Lexington*, 1 Pick, 506. *Lodge* v. *Phelps*, 1 Johns. Cas. 139. *Smith* v. *Smith*, 2 Johns. 235. *Ruggles* v. *Keeler*, 3 Ib. 263. *Thompson* v. *Ketcham*, 4 Ib. 285; 8 Ib. 189. *Sherill* v. *Hopkins*, 1 Cow. 103. *Powers* v. *Linch*, 3 Mass. 77. *Baker* v. *Wheaton*, 5 Ib. 509. *Grimshaw* v. *Bender*, 6 Ib. 157. *Watson* v. *Bourne*, 10 Ib. 337. *Van Shaick* v. *Edwards*, 2 Johns. Cas. 355. *Smith* v. *Mead*, 3 Conn. 253. *Medbury* v. *Hopkins*, Ib. 472. *Lanusse* v. *Barker*, 4 Pet. Cond. R. 204. *Robinson* v. *Bland*, 2 Burr. 1077. *Ludlow* v. *Van Rensselaer*, 1 Johns. 94. *Potter* v. *Brown*, 5 East 124. *Coolidge* v. *Poor*, 15 Mass. 427. *Russell* v. *Buck*, 14 Vt. 147. *Scofield* v. *Day*, 20 Johns. 102. *Hosford* v. *Nichols*, 1 Paige 220. *LeBreton* v. *Miles*, 8 Ib. 261.

The opinion of the court was delivered by

HALL, J. The first question to be considered is, whether the writing of indemnity, offered in evidence by the plaintiff, ought to have been excluded, because of the alteration,—admitted to be a material one,—appearing upon it.

The question, upon whom the burden of proof devolves, when an instrument in writing appears to have undergone an alteration, is, upon the authorities, involved in considerable confusion and uncertainty. In the following cases, in this country, it is either decided, or declared, that such alteration will be presumed to have been made after the contract was executed, and that it lies upon the party producing the paper to explain the alteration. *Prevost* v. *Gratz*, Pet. C. C. 369. *Morris* v. *Vanderlin*, 1 Dal. 67. *Jackson* v. *Osborne*, 2 Wend. 555. *Herrick* v. *Malin*, 22 Wend. 388. *Hills* v. *Barnes*, 11 N. H. 395. *Barrington* v. *Bank of Washington*, 14 S. & R. 405. *McMicken* v. *Beauchamp*, 2 Miller's Law R. 290. In the following cases this doctrine is either doubted, or denied. *Clark* v. *Rodgers*, 2 Greenl. 147. 1 Shep. 386. *Wicks* v. *Caulk*, 5 Har. & J. 41. *Rankin* v. *Blackwell*, 2 Johns. Cas. 198. *Cumberland Bank* v. *Hall*, 1 Halst. 215. *Sayre* v. *Reynolds*, 2 South. 737. *Bailey* v. *Taylor*, 11 Conn. 531. In *Davis* v. *Jenny*, 1 Metc. 221, the question was argued, but left undecided, Chief Justice SHAW observing, that "The court considered it a question of very great importance."

It would seem to have been the ancient doctrine of the common law, that an interlineation in a deed, if nothing appear to the contrary, will be presumed to have been made at the time it was executed. *Trowell* v. *Castle*, Keb. 22. 12 Vin. Abr. 58. *Fitzgerald* v. *Fauconbridge*, Fitzg. 204. 4 Cruise's Dig. 338. Chit. on Bills. 212.

Several modern English cases are, however, cited and relied upon by the counsel for the defendant, to show that the rule is now the other way, and that it is always incumbent on the party producing the instrument to explain any alteration, before it can be introduced in evidence. It is to be noticed, that all these cases were upon bills of exchange, or promissory notes, which are required to be stamped, before they can be used as evidence; and the cases should be read with reference to the English law on that subject. Any material alteration of a bill, after it has issued, or, in other words, after it is in the hands of a party entitled to make a claim upon it, is held to make a new bill of it, rendering a new stamp necessary. Under the stamp act, any alteration renders a bill void, that would make it invalid at common law; and it may be void under that act, though otherwise perfectly valid. For the consent to the alteration, by the party sought to be charged, makes the bill valid at common law; but, under the statute, the consent of all the parties to the bill is of no importance. If the bill be altered after it issues, no matter by whom, it becomes another bill, and requires a new stamp in order to make it evidence. *Bathe* v. *Taylor*, 15 East 412. *Jardine* v. *Payne*, 1 B. & Ad. 663. Chit. on Bills 207 to 212.

The earliest of these English cases, that of *Johnson* v. *Duke of Marlborough*, 2 Stark. R. 313, in 1818, was decided with sole reference to the stamp act. The action was by the indorsee of a bill dated the 29th of January, 1817, against the acceptor. The bill, upon its production, appeared to have been originally dated the 29th of December, 1816, and to have been altered *by the defendant*, the acceptor, to the 29th of January, 1817. Here was an end of the case, as to any common law defence. The defendant had made the alteration himself, and could not complain of it. But ABBOTT, Justice, intimated that it was necessary to prove, in addition, that the bill had not been indorsed before the alteration and acceptance. *Comyn*, for the plaintiff, submitted, that it was to be presumed, that the bill had

Adm'rs of Beaman v. Russell.

not been negotiated previous to the alteration, and that it was for the defendant to show that it had been so negotiated. But ABBOTT, J., said, "he could not presume one way, or the other; and unless it could be proved, that the alteration was prior to the acceptance, *the bill was void for want of a new stamp.*" The plaintiff made the proof and had a verdict.

So in the next case, *Bishop* v. *Chambre*, 3 C. & P. 55, in 1827, the effect of the alteration under the stamp act was alone considered. The note appeared to have been altered in its date, and Ld. TENTERDEN, at *nisi prius*, left it to the jury, upon the appearance of the instrument itself, to say whether it had been altered *after it had become a perfect instrument in the hands of the plaintiff*; and the jury found it had, and gave a verdict for the defendant. There was evidence of a recognition of the note by the defendant, after the alteration, from which the jury might, perhaps, have inferred his assent to it; and *Denman* afterwards moved the court, in bank, for a new trial, claiming that it should have been left to the jury to say, not only whether the note had been altered after it was signed, but whether, if so, it had been altered with the consent of the defendant. Ld. TENTERDEN said, "If the note was ever given into the hands of the plaintiff, as a perfect instrument, it could not be altered with the consent of all the parties." And BAYLEY, Justice, said, "It would require a new stamp."

So in the subsequent cases of *Leykariff* v. *Ashford*, 12 Moore 281, *Taylor* v. *Moseley*, 6 C. & P. 273, *Sibley* v. *Fisher*, 7 Ad. & El. 444, *Knight* v. *Clements*, 8 Ad. & El. 215, and *Clifford* v. *Parker*, 2 Man. & Gr. 909, the question was, whether the alterations had been made in violation of the stamp act, and the decisions turned upon that question. In *Henman* v. *Dickinson* the stamp act is not specially referred to; but as there is nothing in the case to exclude the idea, that it was decided in view of that act, and as it is impossible that the existence and operation of the act could have been overlooked, or disregarded, by the court, the decision in that case must be placed in the same class with the others.

It is obvious, that the rule of proof in regard to an alteration at common law, and under the English stamp act, need not necessarily be the same. The object of the common law rule of proof would be, to protect one party from the fraud of the other; that of the statute

Admr's of Beaman *v.* Russell.

rule, to protect the revenue from the fraud of all the parties. If an alteration be against the interest of the party claiming, or be apparently in the hand writing of the party defending, and, in either case, wear no appearance calculated to excite a suspicion of an intended fraud upon the latter party, it might be unjust to the party claiming, to cast upon him the burden of showing, by extraneous evidence, when the alteration was made. But these considerations can have no weight, under the stamp act. The question under that statute is not, by whom, or how, the alteration was made, but merely the *time when.* One rule of evidence might, perhaps, be necessary to protect the interests of the government, while another might be quite sufficient for the preservation of those of the parties. And for the detection of fraud upon the revenue and to prevent its recurrence, a more stringent rule of proof may be required, in England, by considerations of public policy, than justice to the parties would otherwise demand.

It is sufficient, however, for the present purpose, to say, that the single question, upon whom the burden of proof devolves to account for an alteration in a written instrument, with reference to a supposed fraud upon the party, has never been presented to the English courts in any of these cases. It has always been coupled with and been over-ridden by the more extended question in regard to a supposed fraud upon the revenue. So far as the reasoning of the judges in these cases may be thought applicable to the naked question now before us, they are worthy of consideration; but as mere authoritative decisions, they can be entitled to no weight whatever.

Amidst the conflict of authorities in this country, and with the little aid that can be derived from the modern English cases, I should be disposed to fall back upon the ancient common law rule,—that an alteration of a written instrument, if nothing appear to the contrary, should be presumed to have been made at the time of its execution. I think this rule is demanded by the actual condition of the business transactions of this country, and especially of this state, —where a great portion of the contracts made are drawn by the parties to them, and without great care in regard to interlineations and alterations. To establish an invariable rule, such as is claimed in behalf of the defendant, that the party producing the paper should in all cases be bound to explain any alteration by extrinsic evidence,

would, I apprehend, do injustice in a very great majority of the instances, in which it should be applied.   Such a rule might be tolerated,—might perhaps be beneficially adopted,—in a highly commercial country, like that of Great Britain, in regard to negotiable paper, which is generally written by men trained to clerical accuracy, and is upon stamped paper, the very cost of which would induce special care in the drawing of it; but I am persuaded its application here could not be otherwise than injurious.   It is not often, that an alteration can be accounted for by extraneous evidence ; and to hold that, in all cases, such evidence must be given, without regard to any suspicious appearance of the alteration, would, I think, in many instances, be doing such manifest injustice, as to shock the common sense of most men.

But perhaps a determination of the question, upon whom the burden of proof lies to account for an alteration in a written instrument, does not necessarily decide the precise question before us.   If it were admitted, that the *onus* of explaining the alteration were upon the party producing the instrument, it might still be a question, whether the explanation should first be given to the court, or at once to the jury.   No testimony is to go to the jury, but upon oath, and therefore some evidence must be given of the execution of the written instrument, before it can be submitted to them.   The court necessarily determines, in the first instance, on the sufficiency of the proof; but whether a writing has been executed by the party sought to be charged is a question of fact; and when the writing is admitted in evidence, the jury may decide, over the head of the court, upon the same evidence, that the execution of the instrument is not proved;—or perhaps it is more accurate to say, the court determines that there is legal evidence tending to prove the execution of the instrument, and therefore submits it to the jury, for them to weigh and decide upon its sufficiency.   Whether an alteration, appearing upon an instrument, was made before or after its execution, and if after, by whom and for what purpose, are also questions of fact for the jury.   Coke Lit. 225, *b*.   Shep. Touchstone 69.   *Bishop* v. *Chambre*, 3 C. & P. 55.   *Emerson* v. *Murray*, 4 N. H. 171. *Bailey* v. *Taylor*, 11 Conn. 531.   *Jackson* v. *Osborne*, 2 Wend. 555.   It is matter of fact, and not of law, whether the handwriting of the alteration is the same with that of the body of the instrument;

Adm'rs of Beaman *v.* Russell.

whether it is the same with that of the signature, whether the ink is the same, or different, whether, from the appearance of the alteration and the body of the instrument, both were written at the same time, or at different times, whether the party claiming, or the party sought to be charged, or a stranger, has made the alteration; in short, every possible circumstance, that would have a tendency to show the alteration to have been fraudulent, or otherwise. It can serve no good practical purpose, for the court to go into these inquiries, to determine whether the party has made a *prima facie* case. On the usual proof of the execution of the instrument, it should, without reference to the character of any alteration upon it, be admitted in evidence, leaving all testimony in relation to such alteration to be given to the jury. It will doubtless be the duty of the court to give the jury proper instructions, upon any given state of facts. But any instructions in regard to the burden of proof should, I apprehend, be founded upon a supposed finding of the jury in regard to the alteration, rather than upon any assumption of the court in regard to it, because I think the character of the alteration, whether suspicious, or otherwise, is matter of fact for the jury, and not of law for the court. It is not, however, necessary to go into that question in this case. But generally, the whole inquiry, whether there has been an alteration, and if so, whether in fraud of the defending party, or otherwise, to be determined by the appearance of the instrument itself, or from that and other evidence in the case, is for the jury. The whole is matter of fact, and they must determine it from all the testimony before them.

The next question is, whether the instrument in writing, offered by the plaintiff, tended to prove a legal contract. If it did, it should have been admitted. It is insisted, in behalf of the defendant, that the promise attempted to be proved was to answer for the debt, or default, of another, within the statute of frauds, and therefore necessary to be in writing; that the instrument, having been executed in the state of New York, is to be governed by the law of that state; that by the law of New York it is necessary, that the consideration, as well as the promise, should be in writing; that the instrument offered in evidence contains no statement of any consideration for the promise, is therefore invalid, and was consequently incompetent evidence to be submitted to the jury.

Was the contract attempted to be proved within the statute of frauds?

Although the decisions upon the clause of the statute relied upon by the defendant are not all reconcileable with each other, yet it seems agreed in all the cases, that, if the promise is not collateral to the liability of some other person to the same party, it is not within the statute. Chit. on Cont. 507. *Eastwood* v. *Kenyon*, 11 Ad. & El. 438. In this case, unless there was some person liable to indemnify the plaintiff for signing the notes to the Bank of Rutland, other than the defendant, his undertaking was an original and not a collateral one. Does it appear from the writing offered in evidence, either in connection with the notes, or without them, that any other person than the defendant was in any manner liable to the plaintiff? If the plaintiff had signed the notes with the other makers of them, as their surety and at their request, the law would have implied a promise from them to indemnify him. But there is no evidence, that he signed as surety. For aught that appears, the liability to the Bank of Rutland might have been incurred for the sole benefit of the defendant, and he might have agreed to indemnify the other signers in the same manner that he did the plaintiff. Besides, there is no proof that the plaintiff signed the notes at the request of the other signers. The writing shows, that he signed at the request of the defendant, and on his special promise to indemnify him; and this fact would be calculated to rebut any presumption, that he signed at the request of the others, even if his name had appeared on the notes as surety. In the absence of all evidence that there was a liability of any other person to the plaintiff, to which the defendant's promise could have been collateral, it must be treated as an original promise, not within the statute.

It is not intended to say, that the defendant's promise would have been within the statute, if it had appeared, that the plaintiff was surety for the other signers of the notes, and had become such at their request, as well as on that of the defendant. There are cases, in which a promise has been held to be an original one, though another person was liable on an implied promise. *Swan* v. *Nesmith*, 7 Pick. 220. *Towne* v. *Grover*, 9 Pick. 306. *Blake* v. *Cole*, 22 Pick. 97. And there are authorities, that a promise of indemnity for incuring a liability for an other is not within the statute. *Cha-*

*pin* v. *Merrill,* 4 Wend. 657. *Thomas* v. *Cook,* 8 B. & C. 728. *Chapin* v. *Lapham,* 20 Pick. 467. *Perley* v. *Spring,* 12 Mass. 297. *Holmes* v. *Knights,* 10 N. H. 175. But upon the question under any altered state of facts no opinion is intended to be expressed.

The contract being held not to be within the statute of frauds, the other objections of the defendant, arising under that statute, have not been considered.

We are all agreed, that the writing ought not to have been excluded, for any of the reasons assigned by the defendant, and consequently that there must be a new trial.