STEWART (HARRISON v.). See Case No. 6,145.

---

## Case No. 13,430.

### STEWART et al. v. HINKLE.

[1 Bond, 506.][1]

Circuit Court, S. D. Ohio. Dec. Term, 1861.

STATUTE OF FRAUDS—DEBT OF ANOTHER—ORIGINAL PROMISE—CONSIDERATION.

1. A judgment was obtained by plaintiff against W., and a levy made on his real property to satisfy the same. H. verbally promised to pay plaintiffs the amount of said judgment in six months if he would forbear to collect the judgment against W., and extend the time of the payment of the judgment. *Held*, that such promise by H. was an original and not a collateral promise, and was not required to be in writing within the statute of frauds of the state of Ohio.

[Cited in Riffe v. Gerow, 29 W. Va. 462, 2 S. E 106.]

2. The agreement of the plaintiff was a sufficient consideration for the promise of H. to pay the amount of the judgment.

[This was an action of assumpsit by A. T. Stewart & Co. against Saul S. Hinkle. Heard on demurrer.]

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

Worthington & Matthews, for plaintiffs.
Mills & Goshorn, for defendant.

OPINION OF THE COURT. The question before the court arises on a general demurrer to the special plea of the defendant. The declaration is in assumpsit on a special promise by the defendant, and the case made is, in substance, that the plaintiffs had obtained a judgment against one Cyrus M. Williams, in the common pleas of Hamilton county, for $4,750.28, on which an execution had issued, and a levy had been made on several parcels of real estate in Cincinnati, as the property of Williams. It is there averred, that "in consideration of the premises, and that the plaintiffs agreed to release the levy aforesaid and the lien of the judgment, so far as the same existed on the following described real estate of the said Cyrus W. Williams, being part of the same described and levied upon," to wit: two certain lots in said city (which are fully described), "and that the said plaintiffs would forbear to collect the sum of $1,235.85, part of their said judgment against the said Williams, and would give time for the payment of the said last-mentioned sum for the period of six months, the defendant then and there undertook and promised the plaintiffs to pay them the said last-mentioned sum of money at the expiration of the said period of six months." The declaration then alleges that, in consideration of said promise, the plaintiffs released their levy on the two lots above referred to, and the lien of their judgment thereon, and forbore for the period of six months to collect the said sum of $1,235.85, and gave time for the payment thereof. To this declaration the defendant has filed a special plea, setting forth that the promise averred was a promise "to answer for the debt, default, or miscarriage of another person," and not being in writing no action can be maintained on it under the statute of Ohio for the prevention of frauds and perjuries. The plaintiffs demur to this plea, and thus the first question for the court is, whether the promise as set forth is within the statute referred to, and is required to be in writing to sustain an action. On this point the counsel on both sides have referred to numerous cases to sustain their views of the law. I have not regarded it as necessary to attempt a minute analysis and comparison of the cases in which the provision of the statute of frauds referred to has passed under the consideration of the courts. The question now presented is on a demurrer to the declaration, in which the court is not required to decide what evidence will be necessary to sustain the plaintiff's action. but simply whether the promise as set out in the declaration is valid as a verbal promise. In this aspect the inquiry of the court lies within very narrow limits. In involves, in the first place, the question whether the undertaking of the defendant is original in its character, or whether it falls within the designation of a collateral promise. If it is of the former class, it is not within the statute; if it is collateral, then it is void as not being in writing.

In attempting to distinguish between promises or agreements, as original or collateral in their character, there seems to be some obscurity and some conflict in the numerous cases cited. There are some general rules, however, which will be referred to, and as to which there is no question. One of these rules, as stated by 2 Pars. Cont. 300, is, "that only when the promise is distinctly collateral, is it within the clause of the statute." The same doctrine is held by the court in 20 Vt. 205. In that case it is also decided, "that if the promise is not collateral to the liability of some other person to the same party, it is not within the statute." And in the case of Nelson v. Boynton, 3 Metc. [Mass.] 396, the court draws a distinction between cases where the direct and leading object of the promise is to become the surety or guarantor of another's debt, and those, where although the effect of the promise is to pay the debt of another, "yet the leading object of the undertaker is to subserve or promote some interest or purpose of his own." In the former case the court held, "that the promise of the principal is not valid unless manifested by evidence in writing; the latter, if made on good consideration, is unaffected by the statute, because, although the effect of it is to release or suspend the debt of another, yet that is not the leading object of the promissor." And, in Story, Cont. § 861, it is laid down that the statute applies "to engagements upon which the guarantor is only conditionally liable upon the default of some other person who is solely liable originally." And again, in the same section, it is said: "The mere fact that a promise is to pay a debt due from a third party, or to pay for goods to be furnished to a third party, does not prove that the promise does not create an original liability, since it is perfectly competent to a man to assume, on sufficient consideration, to pay the debt of another." In 2 Pars. Cont. 306, the learned author puts this case: "If a creditor has a lien on certain property of his debtor to the amount of his debt, and a third person who also has an interest in the same property, promises the creditor to pay the debt in consideration of the creditor's relinquishing his lien, this promise is not within the statute." And in Johnson v. Gilbert, 4 Hill, 178, the court held, "that the statute of frauds had nothing to do with the case. That only applies where the person making the promise stands in the relation of a surety for some third person, who is the principal debtor."

From these citations, which could be greatly extended, it would seem clear that an undertaking or promise, to be within the statute, must partake of the nature of a guaranty or suretyship. It embraces only the cases where the promise made is "to an-

swer for the debt, default, or miscarriage of another person." Now, it seems clear that the promise in this case as described in the declaration, is not within the words or the spirit of this clause. It is not a promise to pay or answer for the debt of another, but a promise founded on a consideration stated to pay a sum of money to the plaintiff, not as a surety or guarantor, but positively and absolutely. There is no such condition or contingency stated, on which he is to be liable, as the neglect or failure of the judgment debtor, Williams, to pay the sum mentioned. If this was the construction of the promise stated, the statute requires that it shall be in writing to sustain an action. The statement of the promise in the declaration is, that the plaintiff had a judgment lien and a levy on certain real estate of the judgment debtor, and that the defendant agreed in consideration that the plaintiffs would release their lien and discharge the levy, and forbear to collect a specified part of the judgment, and give time for the payment of the same, to pay the money in six months. But the promise, though direct and original, and therefore not required to be in writing, must be based on a valid and legal consideration to sustain it. It is true the plea does not allege a want of consideration as a bar to a recovery on the promise laid in the declaration. The demurrer to the plea, however, puts in issue not only the sufficiency of the plea, but of the declaration also. And if the declaration sets forth no good legal consideration for the promise, it is clear the plaintiff can not recover. It is, therefore, proper to inquire whether such a consideration is averred. On this subject the authorities are numerous and conclusive. "An agreement to forbear for a time proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise." 1 Pars. Cont. 365, and the authorities there cited. The same writer says: "Nor is it necessary that the forbearance should extend to an entire discharge; any delay which is real, and not merely colorable, is enough." "Nor need the agreement to delay be for a time certain; for it may be for a reasonable time, and yet be a sufficient consideration for a promise." Id. 367. And again: "It is not material that the party who makes the promise in consideration of such forbearance, should have a direct interest in the suit to be forborne, or be directly benefited by the delay." Id. And further: "In general, a waiver of any legal right at the request of another party, is a sufficient consideration for a promise." Id. 369.

There would seem to be no doubt that the plaintiff's agreement to release his levy and judgment lien against Williams, and to forbear the collection of a part of the judgment, is a sufficient consideration for the promise of the defendant Hinkle to pay the plaintiffs the sum claimed in this suit.

It seems to be supposed by the counsel for the defendant that it must be averred that Hinkle had some interest in the release of the levy and lien, and in forbearing the collection of the sum due on the judgment, to give effect to his promise to pay the money to these plaintiffs. From the authority just cited, it would seem that this is not necessary. It is immaterial whether he is to be benefited by the release and forbearance. But if the law were otherwise, it would not affect the question arising on this demurrer. A good consideration for the promise is averred in the declaration without an averment of the defendant's interest in obtaining a release of the levy and lien on the real estate, and forbearance to proceed on the judgment. As a question of pleading merely, the court will presume that the defendant was induced to make the promise to pay, for the reason that he had an interest in disincumbering the real estate from the lien of the judgment and the levy, and procuring for Williams an extension of the time of payment. Whether it may be expedient or necessary for the plaintiff, on the trial, to prove how his interests were connected with these transactions, is not, therefore, on this demurrer, a question for the decision of the court.

Without going more at length into the consideration of this subject, I am led to the conclusion that the promise laid in the declaration is an original, and not a collateral promise, and therefore not within the statute of frauds, required to be in writing. And also that there is a good and valid consideration for the promise set forth in the declaration. The demurrer to the plea of the defendant is therefore sustained.