## Cox, Trustee, *v.* PALMER and others.

*(Circuit Court, D. Minnesota.   June, 1880.)*

1. MORTGAGE—INTERLINEATION—BURDEN OF PROOF.—"If the interlineation is in itself suspicious, as, if it appears to be contrary to the probable meaning of the instrument as it stood before the insertion of the interlined words; or if it is in a handwriting different from the body of the instrument, or appears to have been written with different ink,—in all such cases, if the court considers the interlineation suspicious on its face, the presumption will be that it was an unauthorized alteration after execution.   On the other hand, if the interlineation appears in the same handwriting with the original instrument, and bears no evidence on its face of having been made subsequent to the execution of the instrument, and especially if it only makes clear what was the evident intention of the parties, the law will presume that it was made in good faith, and before execution."

In Equity.   Suit to Foreclose Mortgage.

*H. J. Horn,* for plaintiff.

*Rogers & Rogers,* for defendant.

McCRARY, C. J.   This cause has been argued and submitted upon the merits.   It is a suit brought to foreclose a mortgage.   Upon the face of the mortgage there appears an interlineation, the words "block 19" being interlined upon the face of the instrument.   Without these words the property described could not be located.   They are, therefore, material, and the question is whether they were inserted before the execution of the mortgage or afterwards.   This question must be decided upon the proof, and in view of the law applicable to such cases.   The mortgage was twice recorded.   The words in question do not appear in the *first* record, but do appear in the second.   Several years intervened between the first and second recording.   It is contended by the defendants that the interlineation was made after the first recording, and without authority, while the plaintiff insists that the words were in the instrument as originally executed, and were omitted by the recorder in copying the same upon the record. The only testimony offered by the defendants is that of Henry H. Finley, one of the defendants, and who is the person who drew the mortgage.   He testifies that the words "block 19"

were not in the instrument when originally executed and filed for record. But the strength of this testimony is greatly impaired by certain facts which are in the evidence. In the first place, Mr. Finley has, since the execution of the mortgage, become the purchaser of the premises, and has, therefore, a strong interest in defeating the lien of the mortgage. Besides, he was the lawyer who drew the mortgage for the mortgagee, and the court will not presume, in order to give additional weight to his testimony, that he purposely omitted these material words of description, or that he accidentally did so, and afterwards, with knowledge of the mistake, and without informing his client for whom he had drawn the mortgage, undertook to defeat the mortgage by purchasing the property. The court will rather presume that, if the words were omitted from the original instrument, Mr. Finley did not know it at the time. If he did not know it at the time he has clearly had no opportunity to ascertain it since, for he shows, by his own testimony, that he has not had possession of the instrument since its execution. Again, it appears beyond question that the interlineation is in the handwriting of Finley, and, since he has not seen the mortgage since the time of its execution, it follows that he must have inserted the words in question at that time.

It further appears, from the testimony of Mr. Horn, a witness for plaintiff, that when he called the matter of the interlineation to the attention of Finley, sometime before the commencement of this suit, the latter stated that the mortgage was all right, and that he had himself made the interlineation. It is true that Finley gives an entirely different version to this conversation, but, as he is an interested witness, his testimony must give way to that of Mr. Horn, in so far as they are in conflict. The most that can be claimed, with respect to the evidence bearing upon this question, is that it is evenly balanced, and, assuming that to be the case, my decision must turn upon a question of law. What is the presumption in such a case? Upon this question there is an apparent conflict of authority. I think, however, it is apparent only, and not real. There are cases in which it has been

held that an interlineation is presumably an unauthorized alteration of the instrument after execution, and that the burden is upon the party offering the instrument in evidence to show the contrary. There are also cases in which interlineations have been held to be *prima facie, bona fide,* and that the burden is upon the party attacking the instrument to show that it was altered after execution. But I think that one rule governs in all these cases, and it is this: If the interlineation is in itself suspicious, as, if it appears to be contrary to the probable meaning of the instrument as it stood before the insertion of the interlined words; or if it is in a handwriting different from the body of the instrument, or appears to have been written with different ink,—in all such cases, if the court considers the interlineation suspicious on its face, the presumption will be that it was an unauthorized alteration after execution. On the other hand, if the interlineation appears in the same handwriting with the original instrument, and bears no evidence on its face of having been made subsequent to the execution of the instrument, and especially if it only makes clear what was the evident intention of the parties, the law will presume that it was made in good faith, and before execution. *Stoner* v. *Ellis,* 6 Ind. 152; *Huntington et al.* v. *Finch & Co.* 3 Ohio St. 445; *Nichols* v. *Johnson,* 10 Conn. 192; *Burnham* v. *Ayer,* 35 N. H. 351; *Beaman* v. *Russell,* 20 Vt. 205.

These considerations dispose of the case so far as defendant Finley is concerned. The other defendants cannot claim to be *bona fide* purchasers without notice, because the mortgage was recorded the second time before they purchased.

Decree for plaintiff for amount of note and interest, to be assessed by the clerk.