### FOR THE

### COUNTY OF GRAND ISLE,

#### JANUARY TERM, 1852.

---

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM, }

---

JOSEPH GOSLIN *v.* THOMAS HODSON AND HENRY FISK.

*Book Account. Master-builder. Payment pro tanto. Tender.*

Where the plaintiff recommended himself as a competent workman and undertook to work as a master-builder, and through negligence or unskilfulness the defendant suffered loss, to a greater amount than the sum due for his services at the stipulated rate, held, that the plaintiff cannot recover for his labor.

The acceptance of money paid into court, operates as a payment, *pro tanto*, and also as a conclusive admission of the conditions upon which it was paid into court.

Money paid into court, not in pursuance of a tender made before the suit is brought, must, to be available, include the costs in the suit up to that time.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff, being a carpenter and joiner by trade, offered himself to the defendants as a competent mechanic to build them a crane, to be placed on their dock at Isle La Mott, for convenience in loading heavy blocks of marble and other freight on board of vessels along-side of the said dock, and agreed with defendants to build for them on their said dock a good crane, and the plaintiff was to be paid therefor one dollar per day for his labor by the defendants.

Under this agreement the plaintiff worked twelve days for the defendants, and during said time the plaintiff built the crane and worked five of the said twelve days in enlarging and fitting the dock for the reception of the said crane.

After the crane was raised the defendants objected, that the crane was unskilfully constructed, and declined paying the plaintiff for his labor. About the 17th of July, 1846, the plaintiff commenced an action on book against the defendants. After the commencement of the said suit, but whether one or two days before the time set in the writ for trial did not appear, the defendants tendered to the plaintiff the sum of $2,50 in satisfaction of the plaintiff's claims, which sum the plaintiff refused to receive. On the day of trial in the justice court, the defendants brought into court $2,50 and insisted on it as a tender. After the jury had rendered their verdict in the cause, the foreman of the jury observed, that the $2,50 belonged to the plaintiff, the justice took the money and handed it to the plaintiff, he, in the absence of his counsel, received it and carried it out of court. The plaintiff, after consulting his counsel, and the next morning after the said trial, returned the money to the justice. At the time the tender was made, the plaintiff's costs which had then accrued was ninety-two cents. The auditor also found that the crane was defective, by reason of the unskilfulness or negligence of the plaintiff in constructing it, and that the defendants sustained damage thereby, to an amount of more than the unpaid balance of the plaintiff's account. The defendants charged in their account for taking down the said crane and framing it over, also for delay in the use of the said crane, which items the auditor decided could not be adjusted in this form of action. The auditor decided that there was nothing due from the defendants to the plaintiff, to balance book account between them.

Goslin *v.* Hodson and Fisk.

The county court, February term, 1851,—BENNETT, J., presiding,—accepted the report and rendered judgment thereon for the defendants. Exceptions by plaintiff.

*F. Hazen* for plaintiff.

*G. Harrington* for defendants.

The plaintiff was a professed mechanic, and in that character contracted to build the defendants a good crane, in consideration that they would pay him one dollar per day for his work; these were dependent contracts; the plaintiff cannot pocket his dollar per day, and then turn the defendants over, to his irresponsibility, for the damage they have sustained.

The plaintiff's labor having been bestowed upon fixtures, he may be legally entitled to recover for so much benefit as he has bestowed upon the defendants above the injury he has inflicted. *Dyer* v. *Jones*, 8 Vt. 205. *Taft* v. *Montague*, 14 Mass. 282. *Gilman* v. *Hall*, 11 Vt. 510. Chit. on Cont. 569.

BY THE COURT. It seems from the facts reported by the auditor, that the plaintiff recommended himself as a competent workman and undertook to work, as a master-builder; and through his negligence or unskilfulness, the defendants suffered loss to a greater amount than the sum due for his services at the stipulated rate. We think this will defeat the action. The plaintiff having accepted the money paid into court, it must operate as a payment, *pro tanto*, and also as a conclusive admission of the conditions upon which it was paid into court. But this will not place the plaintiff in any worse condition than if he had withstood the defendants' offer of the money. For in that case he might have been compelled, by rule of court, to accept the money paid into court, at any time, or proceed, at the peril of paying costs after that time, in the event of his not recovering more than was offered under the rule. But this must be understood with this limitation, that money paid into court not in pursuance of a tender made before the suit is brought, must, to be available, include the costs in the suit, up to that time.      Judgment affirmed.