Woodward *v.* Cutter.

---

JOHN B. WOODWARD *v.* NATHAN S. CUTTER, *appellant.*

### *Contract. Tender. Book account.*

The defendant hired a derrick of the plaintiff in August, and agreed to return it in as good condition as it then was in, ordinary wear excepted. He did not take it away at the time, it being understood that he would want it sometime during the coming fall. M. also wishing the use of a derrick, the defendant informed him that the plaintiff's could be had. Soon afterwards a servant of M. called on the plaintiff and said he had come for the derrick engaged by the defendant, and it was delivered to him, and used for some time by M., after which it was taken and used by the defendant. While in the latter's use some part of the derrick was broken and it was otherwise injured, and in this condition the defendant returned it to the plaintiff, the expense of repairing it being left to future adjustment. At the time of hiring the machine, the defendant did not profess to be hiring it for M., and had no authority from M. so to do. The plaintiff delivered it to the person who came for it, supposing that the defendant had sent for it, and solely upon the defendant's credit, and it was used by M. by the defendant's permission only ; *Held*, that the plaintiff was entitled to recover of the defendant, in an action on book account, for the use of the derrick while in M.'s hands, as well as his own, and also for the expense of repairing the injuries done to it while in the use of the defendant.

A tender, made in settlement of a disputed item of account, is, in law, an admission of the legality of the claim, and leaves its amount only in controversy.

BOOK ACCOUNT. It appeared from the auditor's report that in August, 1857, one Martin was about to build two stone mill dams in Plainfield, and the defendant had taken the job of building one of them for him, the other to be built by Martin himself; that both Martin and the defendant were desirous of procuring a derrick to be used in the construction of the dams, and in the

4

latter part of August, the defendant made an agreement with the plaintiff at Bradford for the use of a derrick, owned by the latter, upon his work at Plainfield, for one dollar per day for the time it should be in actual use, the defendant agreeing to return it in as good condition as it then was, except the ordinary and natural wear of the machine; that no time was specified when the derrick would be taken away by the defendant, but it was understood that he would want it sometime during the coming fall; that on his return home he notified Martin that the plaintiff's derrick could be had, and about the 1st of September a man called upon the plaintiff at Bradford, and said he had come for the derrick engaged by the defendant, and the plaintiff delivered it to him; that the man who called for it was a person in the employ of Martin, and carried the derrick to Plainfield, where it was set up on Martin's works, and was there used by Martin for twenty days; that when the defendant was ready to use it the derrick was set up on his works and used by him for fifteen days; that while the defendant was using the derrick he broke the jack belonging to it, and the dam, after it was completed, was carried away by a freshet, together with a portion of the derrick, and some irons belonging to the derrick were never recovered; that the derrick was returned by the defendant to the plaintiff in the February following without being put in such repair as his agreement called for; that it was not known at the time what would be the expense of the repairs, and the matter was left by them for future adjustment; and that since the commencement of this suit, the plaintiff had caused the necessary repairs to be made, at an expense of three dollars, which the auditor allowed to the plaintiff therefor. It further appeared that when the defendant returned the derrick, he paid to the plaintiff fifteen dollars towards its use, which the auditor allowed to the defendant.

The defendant claimed before the auditor that he contracted for the derrick as agent for Martin for the use which Martin had of it, and was not therefore liable for such use by Martin. Upon this point the auditor found that the defendant did not at the time of hiring the derrick profess to be hiring it for Martin, and that he had no authority from Martin so to do; that the plaintiff delivered it to the person who came for it supposing that

the defendant had sent for it; that it was let by the plaintiff and delivered by him solely upon the credit of the defendant, and that the derrick was used by Martin only by permission of the defendant; and the auditor allowed the plaintiff for the use of the derrick both by Martin and the defendant, with interest on the amount, and found a balance of account in the plaintiff's favor of twenty-five dollars and thirty cents.

The auditor further reported a tender of ten dollars made to the plaintiff by an agent of the defendant in the fall of 1858, and before the commencement of this suit, in settlement of the balance due for the use and repairs of the derrick, which was refused by the plaintiff.

The county court, at the January Term, 1860,—KELLOGG, J., presiding,—rendered judgment for the plaintiff for the amount reported by the auditor, to which the defendant excepted.

*Ormsby & Farnham*, for the defendant.

*A. M. Dickey*, for the plaintiff.

REDFIELD, Ch. J.   The only items in dispute are the use of the derrick by Martin, and the repairs. This last item seems to have been caused by the use, and was a depreciation of the value of the machine in consequence of the use. It should, therefore, be compensated in adjusting the account for the use. The auditor finds that this was left, at the time the machine was restored, to future adjustment. It was thereby made a part of the account, and upon either ground properly enough allowed.

In regard to the other item the auditor finds that the plaintiff let the derrick go, solely upon the credit of the defendant, and that Martin used it by his permission. He is, then, properly made liable for such use.

The tender, too, of ten dollars, being towards this use by Martin, as there was not so much due on any other portion of the account, is, in law, an admission of the legality of the claim, and denying only the amount, which being matter of fact, is concluded by the finding of the auditor. Upon both grounds, then, this item was properly allowed.

Judgment affirmed.