## WILLIAM FOSTER *v.* DREW AND STONE.

### *Tender.*    *Accord and Satisfaction.*

If the defendant in offering the money which he claims to have tendered the plaintiff, had in substance told the plaintiff that if he took it it must be in full, the offer would have been conditional and invalid as a tender. Its acceptance would have amounted to accord and satisfaction.

But the language used in making the tender must be interpreted as it was used with relation to the previous transactions between the parties, to determine correctly whether its effect is to affix a condition to the offer, or merely to explain what the defendant claims and intends that the tender will cover.

The defendant had been offering the plaintiff $170. which was due the plaintiff by reason of a transaction about some oats. The defendant all the while stated that, if the plaintiff took it, the plaintiff would still owe the defendant a store account of $41.78. Finally the defendant tendered the plaintiff $130. in currency " and supposed and told the plaintiff that if the plaintiff took the $130. it closed the *whole* business, and if he took the $170. it settled the *oat* business and left the *account* standing."    *Held,* that the offer of $130. was valid as a tender and the defendants' language instead of affixing a condition to his offer of that sum merely explained his claim and what he meant his tender to cover.

BOOK ACCOUNT. It appeared by the auditor's report that on the 9th of January, 1864, the defendants purchased of the plaintiff six hundred bushels of oats at fifty-nine cents per bushel, to be delivered when called for during the following spring and summer ; that the plaintiff delivered about three hundred and fifty-five bushels ; that about the first of July, 1864, the plaintiff sent word to the defendants that he had no more oats for them ; that oats were then worth seventy-five cents per bushel ; that the defendants claimed as damages on the two hundred and forty-five bushels not delivered, the difference in value between the contract price, fifty-nine cents, and the price of oats when the plaintiff sent word he had no more oats for them ; that the principal controversy between them was whether the plaintiff agreed to deliver six hundred bushels, or what he should have to spare ; that in March after the contract was made the plaintiff took up a bill of goods at the defendants' store to the amount of $41.78, which was to be applied in part payment on the oat contract. The auditor then says, after stating how the accounts stood, etc : " I find that on the 17th day of July, 1864, the defendants went to the residence of the plaintiff for the purpose of making him a tender of

what they considered the plaintiff's due on the oat contract; that they found the plaintiff in the hay field at work, that the defendants went to the plaintiff, (who did not stop work,) and one of the defendants took out into his hand, and offered to the plaintiff the sum of $170.00, and told him he tendered him that sum upon the oat contract, that he might take the $170.00 and let the store account of $41.78 stand as it was on their books, or take $130.00 of the money so offered and the defendants would discharge the said account. The $170.00 so offered was, in part, bank bills and the rest in legal tender notes. The plaintiff said he should not take it because there was not enough, and did not take it, and gave no other reason for not taking the money, and continued his work; that the defendants then took the money, so tendered, back with them to their store and had kept a like amount on hand from that time to the time of the audit, but not all of the same bills, and that they several times during that period told the plaintiff that they had the money ready for him; that some short time after the offer of the $170.00, as aforesaid, the plaintiff went to the defendants' store and desired to look over the store account of $41.78, and he did look it over and found it correct and then tendered the defendants the amount of the account, which they then declined receiving, but thereafter, on the same day, they saw the plaintiff again, and told him they would take it, but the plaintiff then declined to let them have it; that on the same day, Stone, one of the defendants, who was in the store with the plaintiff, told the plaintiff he would then make him a tender and went to his money drawer and took out $130.00 in legal tender currency, and offered to hand the same $130.00 to the plaintiff and desired him to take it as a tender on the oat contract, but the plaintiff had then started to go out of the store, and went directly out saying, as he went along, it was not enough and he would not take it, and making no other objection, except to say he wanted pay for his oats. I find further that at the time of the second endeavor by the defendants to make a tender the defendant, Stone, said he did not care anything about the first tender, but he would then make one which was good and thereupon went to his money drawer, aforesaid, and took out the money, etc., as aforesaid, and the defendants supposed and told the

plaintiff if the plaintiff took the $130.00 it closed the whole business, and if he took the $170.00 it settled the oat business and left the account standing, and no other conditions were annexed to the tender by the defendants in offering it."

No exceptions were furnished the Reporter, but the only question that appears to have been reserved is in respect to the sufficiency of the defendants' tenders, upon the foregoing facts specially reported by the auditor, it having been found that both tenders were sufficient in amount.

*Peck* & *Fifield*, for the plaintiff.

The second tender was a waiver of the first one and was so understood at the time. The language used when the second tender was made, is susceptible of no other construction.

The second tender was bad. The condition was that if taken it should be in settlement. That would have operated as an accord and satisfaction. *McGlynn* v. *Billings*, 16 Vt. 329 ; *Cole* v. *Champlain Trans. Co.*, 26 Vt. 91.

*W. G. Ferrin*, for the defendants.

The opinion of the court was delivered by

STEELE, J. This case was not argued. The plaintiff's brief presents two points—one, that the first tender was waived ; the other, that the second tender was conditional. We find it necessary to decide only the question of the validity of the second tender. What was said in making the first is still important, because it is in the light afforded thereby, and by the other circumstances reported that we are enabled to see what was meant and understood by the language used in making the last tender. The offer of $170. was explained by the defendants as intended to cover the plaintiff's claim but to leave the defendants' store account of $41.78 a subsisting demand against the plaintiff. On the other hand the offer of $130. was intended as a tender of the balance due the plaintiff, and would not leave this store account subsisting. After what had occurred, it was necessary for the defendant to explain this.

We think the language used in making the second tender could not, under the circumstances, be fairly understood as doing more than giving this necessary explanation and stating the defendants' claim. The language interpreted, as it was used, with relation to the previous transactions, does not affix a condition to the acceptance of the money. " The defendant *supposed* and *told* the plaintiff that if the plaintiff took the $130. it closed the *whole* business, and if he took the $170. it settled the *oat* business and left the account standing." By thus connecting the two propositions together antithetically the defendant explained his claim, and the purpose of his tender, and what each tender was intended to cover, but he did not inform the plaintiff that if he received the money he must receive it *as* closing matters between them. Had he in substance informed him that if he accepted the money he must accept it in full, it would have been a conditional offer and invalid as a tender because its acceptance would have amounted to accord and satisfaction. When one makes a tender in good faith he supposes it is enough to close the whole business, if accepted, and he may tell the other party that it will. This differs from an offer upon condition that it shall be received only as closing the matter. We think the last offer was valid as a tender. This case, as we feel compelled to interpret the report, presents the question which was decided in *Preston* v. *Grant*, 34 Vt. 201.

The judgment of the county court which was for the defendants is affirmed.