# CALEDONIA COUNTY,

### Horace Carpenter *v.* C. H. Welch.

*Tender. Pleading. Waiver. Interest.*

The plaintiff having traversed a plea of tender, and tried the issue of fact before the jury, cannot, after the charge, insist that the defendant had no right to make such plea, and thus try the question as to the sufficiency of the plea on exception to the charge.

If a tender is received, though made subsequent to the time limited by the statute for making it, it operates as a payment to the amount of the sum so received, as of the time when made.

In computing interest with annual rests, in the absence of any evidence of a different understanding between the parties, the first rest is to be made at the end of one year, computing from the commencement of the account, and so from year to year.

This was an action of general assumpsit originally commenced before a justice of the peace, and brought to this court by petition for new trial. Plea, tender and general issue, and plea of tender traversed. Trial by jury at the December Term, 1866, Steele, J., presiding. The plaintiff kept a lumber yard and wood shop in the village of St. Johnsbury. The defendant was a house joiner in said village. The plaintiff presented his specification of account with the defendant on which he claimed was due September 6th, 1864, $146.34, aside from interest. The first charge on the plaintiff's specification was August 19th, 1863, and the last date was August 15th, 1864. The defendant presented a specification in which he conceded he owed the plaintiff, September 6th, 1864, the sum of $91., aside from interest. It appeared that $475. of the plaintiff's account was for lumber, and the freight on the same, which the

plaintiff and defendant bought in company, and the defendant had his share of the lumber, at just its cost, in cash at the time of delivery, September 14th, 1863; the plaintiff paying for the lumber at the time of delivery; the defendant not paying in full for lumber till February, 1864.

It appeared in evidence that on the 6th day of September, 1864, the plaintiff and defendant had some conversation about a settlement, the defendant then saying to the plaintiff he would pay him $105. The evidence upon the one hand tended to show that the offer was a tender of that sum without condition, and on the other hand that it was upon condition that it should be payment in full, etc. The defendant ever after claimed he had made a tender.

Mr. Willard, counsel for the plaintiff, testified in substance that he afterwards told the defendant that there was no tender; that the plaintiff had always been ready and was then willing to take the money and apply it on account; that he also told Mr. Ross, counsel for the defendant, the same, and that the next day after the conversation with Mr. Ross, Mr. Burbank, law partner of Mr. Ross, came into Willard's office and laid on his table $105., and offered it to him, Willard, as a tender; that he, Willard, took and counted the money and told Burbank he would take and credit it on account, but would not take it as the tender.

There was no positive testimony as to what Willard said or understood on the occasion when he took the $105., except Mr. Willard's. The circumstances tended, however, to show and prove that the money was accepted as the tender, so that the court, without any reflection on Mr. Willard, did not feel authorized to treat Mr. Willard's testimony as conclusive or uncontradicted upon that point. Upon this subject the court told the jury in respect to the tender. * * * * * · * Third, that it was the right of a person paying money to affix conditions to its acceptance; that if they should find that, when Mr. Burbank, the next morning after the conversation between Ross and Willard, carried the $105. to Mr. Willard, and offered it to him as the tender Mr. Willard replied that he would not take it as the tender, but would take it to apply, and Burbank said no more and Willard said no more but put the money in his pocket,

then it was for the jury to say, from all the testimony, what the parties meant, and if they were satisfied, as the defendant claimed, that the money was only offered upon condition that Willard would take it as the tender of September 6th, 1864, waiving his objections to its original irregularity, and Willard so understood, or as a reasonable man ought to have so understood it, then he could not take it and afterwards treat it as anything else than the tender of September 6th, 1864, even though he said when taking it that he should treat it otherwise. But what he said should be considered as evidence upon this point or question of the understanding of the parties.

The court also told the jury that if they found, as the plaintiff claimed, that the defendant did not so limit or condition his offer and mean it as the tender of September 6th, 1864, or if from all that occurred the plaintiff's counsel, Mr. Willard, did not so understand, and as a reasonable man might have failed to so understand the offer, then he might treat the payment as a payment only to apply, as Mr. Willard applied it December 8th, 1865; that if they found for the defendant on this point, and found that $105. covered all the debt and interest, and also the costs as agreed up to September 6th, 1864, then their verdict should be for the defendant to recover his costs. The jury so found and so returned their verdict. The plaintiff excepted to the entire charge upon the subject of tender. The plaintiff also excepted because the court in explaining to the jury how interest is computed by annual rests did not tell the jury that the rests should be made on the first day of January of each year, no matter when the accounts opened. In other respects the charge was not objected to.

*A. J. Willard,* for the plaintiff.

*J. Ross,* for the defendant.

The opinion of the court was delivered by

Peck, J. The action is general assumpsit, trial by jury on the general issue and plea of tender, and traverse of that plea.

It appears that the suit was commenced before a justice of the

peace in July, 1864, returnable some day in August of that year, and continued to some day subsequent to the 6th day of the following September. The tender of $105., relied on by the defendant, was made on the 6th day of September, 1864, after the case had been entered in court and continued; and in December, 1865, the tender was received by the plaintiff. Under the charge of the court the jury have found that the $105. so tendered and received was sufficient to pay all that was due to the plaintiff on the 6th day of September, 1864, the day the tender was made, including interest and costs up to that time.

It appears that the tender when made on the 6th day of September, upon the construction the county court put on the testimony, was accompanied by a condition that if the plaintiff received it he must receive it in full, and upon that ground the court held that tender bad, although as the jury, under the charge, have found the defendant always insisted to the plaintif in good faith, that he made the tender unconditionally. The jury have further found that when the plaintiff in December, 1865, received the $105., he received it as a tender as of the 6th day of September, 1864, although not subject to the condition previously imposed. The question litigated before the jury in relation to the $105. was, whether the plaintiff received it simply to apply on his claim, or whether he received it as a tender as of the 6th of September. This was a material question, for it might have been sufficient to pay the debt, interest and costs, September 6th, 1864, and not sufficient to pay the debt, interest and costs due in December, 1865, when the plaintiff received it. It does not appear that the plaintiff raised any question as to the admisability of the evidence as to the tender, or as to its legal effect, until after the court had charged the jury. He then excepted to the charge on the subject of the tender.

It is now insisted by the counsel for the plaintiff that the statute authorizing a tender to be made after the commencement of the suit, does not authorize a tender unless made twenty-four hours before the time set in the writ for trial, if the suit is before a justice of the peace, and that this tender being after the suit had been entered and continued was too late. We have not been furnished with a copy of

the plea, and it is to be presumed, in the absence of anything in the case to the contrary, that the plea set forth a tender such as the defendant's evidence tended to prove, that is, a tender after the return day of the writ. The exceptions state that the plea of tender was traversed. The plaintiff having traversed the plea, and tried the issue of fact before the jury, cannot now insist that the defendant had no right to plead such plea, and thus try the question as to the sufficiency of the plea under an exception to the charge of the court to the jury. It is the business of the court to try such issues as the parties make by their pleadings. But there is another view in which the question, whether the defendant made the tender within the time he had a right, under the statute, to make it, is immaterial. No question is made but that this tender, or offer of $105., was made on account of the plaintiff's claim for debt and costs in this suit The plaintiff ultimately received it. A tender by the debtor, if received by the creditor, operates as a payment of the debt, or claim, on account of which it was tendered, to the amount of the sum so received ; and if the tender is made on account of the debt and costs in a pending suit, and is so received, if the creditor persists in further prosecuting his suit, he does so at the peril of the future costs, if the sum so offered and received turns out to have been sufficient to pay the debt and costs at the time the tender was made. The tender, therefore, in this case is good as a payment, as the jury have found that the sum was sufficient on the 6th day of September, 1864, and that when the plaintiff subsequently received it, he received it as a tender as of that date. If there is any question whether the defendant should recover costs prior to the payment, it must come up on taxation of costs ; no such question is before this court.

But it is insisted on the part of the plaintiff that the testimony of Mr. Willard, as to what was said when he received the money from Mr. Burbank, as detailed in the exceptions, shows, as matter of law, that the money was not received as the tender on the terms claimed by the defendant ; but simply to apply on the demand as of the time when it was received. Mr. Willard's testimony does tend to show that, and the exceptions state that, there was no positive testimony to the contrary. But the exceptions state that, " the circumstances

tended, however, to show and prove that the money was accepted as the tender." It is not clear whether the judge intended by this that there were other circumstances not stated, or whether he refers to circumstances already stated in the exceptions. If the former is the true construction of the exceptions, then clearly there was no error in submitting, as he did, this point to the jury. If the latter is the true construction the case is not so clear. But, without recurring particularly to the evidence stated in the exceptions, it is sufficient to say that, upon a careful examination of it, we are unable to say that there was error in submitting the question to the jury, or in the manner in which it was presented in the charge.

As to the mode of computing interest we find no error in the charge, but, on the contrary, it would have been error to have charged as the plaintiff insists the jury should have been instructed.

In computing interest with annual rests, in the absence of any evidence of a different understanding between the parties, the first rest is to be made at the end of one year, computing from the commencement of the account, and so from year to year, and not necessarily on the first day of January next after the account accrued. It is insisted in this court that on the item for lumber which the plaintiff and defendant purchased jointly, and which the plaintiff paid for, the plaintiff was entitled to interest from the date of the item. This would probably be so. But it does not appear that this point was made in the county court, on any exception taken to the charge that embraces it. What the charge of the court was as to the computation of interest does not appear, except it is stated in the case that "the plaintiff also excepted because the court, in explaining to the jury how interest is computed with annual rests, did not tell the jury that the rests should be made on the first day of January of each year, no matter when the accounts opened."

Judgment affirmed.