NATHAN B. MILBERY *vs.* HALL E. STORER and others.

Aroostook. Opinion April 3, 1883.

*Promissory notes. Alteration. Witness.*

If a person, who saw the maker sign a note, afterwards, at the instigation of the payee, but without the knowledge or consent of the maker, sign his own name thereto as a witness, such alteration will not avoid the note if done or procured to be done without any wrongful or improper intent.

ON EXCEPTIONS.

Assumpsit on a promissory note.

The opinion states the material facts.

*Madigan and Donworth*, for the plaintiff.

*Powers and Powers*, for the defendant, Weed, contended, upon the point considered in the opinion, that the addition of an attesting witness made a material alteration of the note and brought it within the law laid down in *Chadwick* v. *Eastman*, 53 Maine, 12.

Suppose the payee and attesting witness dies and after the lapse of more than six years the administrator of the payee brings suit on the note, the defendant could not testify and upon proof of the signature of the subscribing witness judgment must go against the defendant. He can truly say that he entered into no such a contract.

It matters not whether the person thus signing as a witness was actually present when the maker signed. That fact may be of value in determining the motive which induced the witness to sign, but the attestation none the less alters the contract and, as we have seen, it may become a very material alteration, and it is the material alteration of the contract that discharges the party ; all the recent decisions place it on that ground.

*Eddy* v. *Bond*, 19 Maine, 461, will be found, upon an examination of the opinion, not to conflict with the position we take.

PETERS, J. The action is upon the following note :
                                        "Littleton, Me. Oct. 26, 1880.

"For value received we jointly or separately agree to pay Nathan B. Milbery, of Wicklow, N. B. or order, the sum of nine hundred dollars with interest, at nine per cent. the same is for eighteen thousand fruit trees, the same to be paid June 1, 1881.

      Witnessed by              Hall E. Storer,
      George C. Hayward, Jr.        John R. Weed,
                          George C. Hayward, Jr."

The note was not witnessed in the presence or with the consent of Weed. The witness saw him sign the note, and afterwards, before the note was accepted by the payee, put his own

name upon it as a witness. The evidence tends strongly to show that the act was done, by those concerned in it, through a mistake of their legal rights and without any wrongful or improper intent. ' It was ruled at the trial, that, if Weed signed the note without its being witnessed, and after he had parted with it, without his knowledge or consent, it was witnessed so as to be or appear to be a witnessed note, it was a material alteration that would relieve him from liability upon it.

This enunciation correctly states the general rule, but the rule admits of an exception. The rule does not apply to a case where a person sees the maker sign, and afterwards adds his own name as a witness, behind the back of the maker, without his knowledge and consent, the act having been done or procured to be done through honest motives and without any wrongful intent. The law shrinks from applying the severest rule in such a case, but pardons the act upon the grounds of expediency and for the public good. It is a somewhat common belief among the masses of the people that, if a person sees another sign an instrument, or if he knows his hand writing, such person may attest his knowledge of the fact by signing the instrument as a witness without the maker's knowledge or consent. This is often the case with contracts, bonds and deeds, as well as with promissory notes. It is better that a maker or promisor should occasionally and accidentally have such a slight risk or chance of injury imposed upon him, than that many important deeds and notes should become through innocent mistake invalidated and lost.

The general rule was reluctantly sustained by the Massachusetts court in the case of *Homer* v. *Wallis*, 11 Mass. 309. In that case the witness did not see the maker sign the note. In *Smith* v. *Dunham*, 8 Pick. 246, the exception to the rule, or its qualification, was established. The court held that, the act being innocently done, it did not amount to a technical alteration. In *Ford* v. *Ford*, 17 Pick. 418, it was held to be a harmless act to add a witness to an instrument without the maker's consent, the instrument having been witnessed before. In that case no fraud was suggested. In *Adams* v. *Frye*, 3 Metc. 103, the obligee of an unattested bond got a person, who knew the hand writing

of the obligor, but was not present when the bond was signed, to add his name as a witness to the bond; and in that case the bond was held not to be avoided, it being shown that the act was done without any wrongful intent. It is there said by the court: "We think it would be too severe a rule, and one which might operate with great hardship upon an innocent party, to hold inflexibly that such alteration would, in all cases, discharge the obligor from the performance of his contract or obligation. If an alteration, like that made in the present case, can be shown to have been made honestly, if it can be reasonably accounted for, as done under some misapprehension or mistake, or with the supposed consent of the obligor, it should not operate to avoid the obligation." *Willard* v. *Clarke*, 7 Metc. 435, affirms the doctrine of the Massachusetts cases preceding that case.

We regard the doctrine as fully established by our own adjudications. In *Brackett* v. *Mountfort*, 11 Maine, 115, it was held that the note was avoided by such an unauthorized alteration. In that case the witness did not see the maker of the note sign his name, and he added his own name thereto more than ten years after the note was made. The court evidently regarded it as a fraudulent alteration. In *Rollins* v. *Bartlett*, 20 Maine, 319, it was held that the validity of a note would not be destroyed by a subscribing witness attesting the note generally, when he saw only one of the three promisors execute the note, the act being done without a wrongful intention. In *Thornton* v. *Appleton*, 29 Maine, 298, the attesting witness saw the maker sign the note, and afterwards, without the knowledge and consent of the maker, at the request of the payee witnessed the same. But this act, it was held, did not annul the note, it being done without an intention to defraud. Mr. Parsons (2 Bills and Notes, 555,) approves the doctrine unhesitatingly. Other authorities could be added. Procuring such an attestation would be *prima facie* evidence of fraudulent intent. But that may be rebutted and disproved.

What may be the effect of adding a new maker to the note before delivery, without the consent of the other promisors, is

not now a question before us. Upon that point the authorities are divided.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.