GEORGE F. BOUVÉ vs. EDWARD C. COTTLE.
LOWELL L. HINDS vs. SAME.

Suffolk.  Nov. 9, 1886. — Jan. 8, 1887.  HOLMES & GARDNER, JJ.,
absent.

Where an assignment is made in trust by a debtor for the benefit of his creditors,
one creditor cannot maintain an action at law against the trustee to recover his
whole debt, or a larger part than the trustee admits to be due, although there
has been wilful neglect on the part of the trustee in collecting the assets of the
debtor.

In an action by a creditor against a trustee under an assignment made by a debtor
for the benefit of his creditors, the declaration was for money had and received,
with interest thereon.  The answer contained a general denial, and also a denial
that the defendant had received the money, except the sum of $45.20, and
alleged that, before the return day of the writ in the action, the defendant
tendered to the plaintiff the sum of $47, including $1.80 costs, being all the costs
that had accrued, which the plaintiff had received.  The defendant was allowed
to testify, that on the day of the date of the writ he made up his account as
trustee, and there was due the creditors twenty per cent of their claims; that he
tendered the sums mentioned in his answer, which were received by the plaintiff
on account; and that the sum of $45.20 was more than twenty per cent of the
plaintiff's claim, with interest to the day of tender.  The judge instructed the
jury, that if they found that the sum paid, exclusive of costs, equalled twenty
per cent of the amount due the plaintiff, with interest from the date of the writ,
their verdict should be for the defendant.  *Held*, that the plaintiff had no
ground of exception.

TWO ACTIONS OF CONTRACT.  Writs dated July 15, 1884.
The declaration in the first case was as follows: " And the plain-
tiff says the defendant owes him $197.72, for money had and
received by the defendant to the plaintiff's use, with interest on
the same."  Answer: 1. A general denial.  2. " The defendant
denies that he received to the plaintiff's use the money men-
tioned in the plaintiff's declaration, except the sum of $45.20;
and says that after the plaintiff sued out his writ, and more than
four days before the return day of said writ, the defendant ten-
dered to the plaintiff the sum of $47, including $1.80 costs of
writ, being all the costs that had then accrued, which the plain-
tiff received and retained."

The declaration and answer in the second case were similar,
the amount sued for being $109, and the amount tendered being
$25.20.

The cases were tried together in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

The pleadings are made a part of these exceptions. The plaintiffs were creditors of the firm of Henry and Gilman. Said firm, becoming embarrassed, made, on January 19, 1880, a written assignment in trust for the benefit of creditors, to which the plaintiffs and other creditors of said firm became parties. The defendant is the trustee named in said assignment, and accepted the trust.* The sums sued for by the plaintiffs in these actions are the full amount of their respective claims against Henry and Gilman.

The evidence for the plaintiffs was their own testimony, the deposition of Louis Henry, who was a member of the firm of Henry and Gilman, and said trust assignment; and it 'tended to show the respective amounts of the claims of the plaintiffs; that Henry and Gilman, at the time of their failure, were shoe manufacturers, and the property assigned to the defendant consisted of shoes, completed and in process of making, leather, sundry machines, and debts due to Henry and Gilman; that in the opinion of Henry, the property, at the time it was assigned to the defendant, was worth between $1700 and $1800; that at the meeting of the creditors, when the assignment was executed, and in the presence of the defendant, it was stated by the debtors that they owed about $1800, and their assets amounted to about $2200; that the plaintiffs had several conversations with the defendant in 1882, 1883, and 1884 about the property, and asked to see his account of receipts and expenditures as trustee; and that the defendant declined to exhibit an account, but said that

---

* The indenture provided that the trustee should sell and dispose of the trust property, "use his best endeavors to obtain, recover, and receive such parts of the same as consist of debts or other outstanding interests," and divide the net proceeds ratably among those creditors who should become parties to the indenture. The trustee covenanted to "execute and perform the trusts in him hereby reposed, to the best of his judgment and discretion. Provided always, and it is hereby agreed that the trustee for the time being, his executors or administrators, shall not be liable or accountable for more money or effects than he shall receive, nor for any loss or damage which may happen thereto, except the same shall arise by or through his own wilful default."

the gross amount he had received in cash was $659; that he had not been able to dispose of all the property which came into his possession, and that some of the property covered by the assignment was stolen or lost before he attempted to take possession.

Upon this evidence, the defendant requested the judge to rule that the actions could not be maintained. The plaintiffs contended, and asked the judge to rule, that they could recover in these actions their *pro rata* share of what the defendant might have received and would have received by the exercise of proper care and diligence as trustee. The judge declined to rule as requested by either party, and upon the evidence offered by the plaintiffs, as before stated, ruled that the plaintiffs could not recover in these actions any sums other than the sums admitted by the defendant in the answers in the respective suits.

The defendant was then called as a witness, and his testimony tended to show that, on July 15, 1884, which was the day of the date of the plaintiffs' writs, he made up his account as trustee; that the balance of money in his hands, after deducting expenses and disbursements, was equal to twenty per cent of the aggregate amount of the claims of all the creditors of Henry and Gilman who became parties to the assignment, computing the claims without interest, and that he then declared a dividend upon said claims of twenty per cent; that the defendant, after these suits were begun, paid each of the creditors other than these plaintiffs the amount of the twenty per cent dividend, which was received by them as a final dividend; that $45.20 was more than twenty per cent of the claim of the plaintiff Bouvé, with interest on said twenty per cent from the date of the writ to July 29, 1884; and that $25.20 was more than twenty per cent of the claim of the plaintiff Hinds, with interest on said twenty per cent from the date of the writ to July 29, 1884.

The testimony of the defendant was objected to by the plaintiffs, as inadmissible under the pleadings.

It was admitted that the defendant, on July 29, 1884, tendered and paid to the attorney of the plaintiff Bouvé the sum of $47, and to the attorney of the plaintiff Hinds the sum of $27; that the costs which had accrued in each suit at the time of the tender were $1.80; that the sums so tendered were tendered by the

defendant in payment of the amounts due to the plaintiffs respectively, and their costs of suit, and that said sums were received by the attorney of the plaintiffs, but that he declined to take said sums in full settlement and discharge of these suits.

The judge instructed the jury, that, if they found that the sums paid by the defendant to the plaintiffs, exclusive of costs, equalled or exceeded twenty per cent of the amounts due to the plaintiffs, respectively, as creditors of Henry and Gilman, with interest on said twenty per cent from the date, of the plaintiffs' writs to July 29, 1884, their verdict should be for the defendant.

The jury returned a verdict for the defendant in each case; and the plaintiffs alleged exceptions.

*C. P. Hinds*, for the plaintiffs.

*M. F. Dickinson, Jr., & H. R. Bailey*, for the defendant.

DEVENS, J. If the plaintiffs sought to establish that there had been any wilful neglect on the part of the trustee in failing to collect, account for, and pay over to the creditors of the assignor, by whom the written assignment was made to him for their benefit, so that the plaintiffs should receive their whole debt or a larger part thereof than the defendant admitted to be due, their remedy was by a bill in equity brought on behalf of all creditors who had become parties to the trust. The trustee should not be obliged, in separate actions at law brought by individual creditors, to show that he has faithfully and honestly administered his trust, and that nothing more is due from the proceeds of the property than has already been paid over. *New England Bank* v. *Lewis*, 8 Pick. 113. *Bryant* v. *Russell*, 23 Pick. 508, 523. *Johnson* v. *Johnson*, 120 Mass. 465. Had it been competent in this action to investigate the management of the trust, the plaintiffs' evidence also entirely fails to show any misconduct on the part of the trustee. It neither shows the amount realized, or that which, with proper care, could have been realized, from the assets, the amount of claims proved, the expenses of executing the trust, nor what the plaintiffs' *pro rata* shares were or should have been. It was therefore correctly ruled that the plaintiffs could only recover such amounts as the defendant by his answers had admitted to be due.

Where a sum of money is definitely ascertained to be due as the proceeds of a trust to a single creditor, he may maintain an

action therefor. Thus, where one receives an assignment in trust of property to be disposed of and distributed among the creditors of the assignors, of whose names he is informed, and accepts the trust and executes it with the exception of paying a single creditor named, he is liable to such creditor, after demand and refusal, in an action for his proportionate share as such share has been determined. On these facts the money in the hands of the defendant may be treated as that of the plaintiff received by the defendant to his use. No special promise to pay it is necessary. The law creates the privity and implies the promise. *Frost* v. *Gage*, 1 Allen, 262.

In the cases at bar, it appears that on July 15, 1884, the day when these actions were commenced, the defendant made up his accounts as trustee, and found only enough in his hands to pay a dividend of twenty per cent on the claims proved. This dividend was paid to each of the other creditors, and received by them as a final dividend. The defendant's second answer (the first being a general denial) admits a certain amount to have been due in each case, which is equal to twenty per cent of the claims of the plaintiffs, and avers that these amounts, with all costs then accrued, had been tendered to and accepted by the plaintiffs. The tender in each case was made on July 29, and was accepted, but not in full settlement; and the jury were instructed, that if, in addition to the costs, it was found that the sums tendered amounted to or exceeded twenty per cent of the amounts due to the plaintiffs respectively as creditors of the assignor, with interest on the said twenty per cent from the date of the plaintiff's writs to July 29, 1884, their verdict should be for the defendant. The plaintiffs contend that this should not have been submitted to the jury, and that the sufficiency of the tender should have been determined as a question of law. But if this is so, it is not important, as, if a question of law is erroneously submitted to a jury and correctly decided, there is no ground for any exception. The presiding judge might, however, well have left to the jury the computations required to determine whether the tenders had been sufficient, and it was necessary to do so in order to determine what was the amount of the twenty per cent, which depended to some extent on the credibility of the defendant. There is no reason why,

under his answer, he might not testify to this. He had in his answer admitted a certain sum to be due the plaintiffs, with costs. He had not stated this as being only the twenty per cent of the plaintiffs' original claim, and he might by his testimony show that the sum admitted was large enough to, and did, include interest thereon. Even if the defendant's answer does not state that his tender included interest, the acceptance in each case by the plaintiffs respectively of sums large enough to cover interest and legal costs in addition to their twenty per cent, leaves them no ground of complaint, as they have received all that was their due.

The plaintiffs contend that, by a plea of tender, the defendant has so admitted their respective causes of action that they are entitled to judgment for the full amount of their original claims. The answer can hardly be called a plea of tender. It is an informal statement only that a certain sum had been due from the defendant, and had been paid to and received by the plaintiffs. Where a declaration contains a single count specifically set forth, a tender amounts to an admission of every fact which the plaintiff is bound to prove in order to maintain his cause of action. *Currier* v. *Jordan,* 117 Mass. 260. *Bacon* v. *Charlton,* 7 Cush. 581. But where the declaration is general, tender and payment only admit some contract of the kind alleged in the declaration, with damages to the amount paid in. If the plaintiff seeks to recover more, he must prove a contract entitling him so to do, as well as to recover the amount paid in. Nothing beyond the amount paid in is admitted. *Bacon* v. *Charlton, ubi supra.*

*Exceptions overruled.*