THOMAS CROSWELL, and another *vs.* ISAAC D. LABREE.

Franklin.    Opinion December 10, 1888.

*Promissory Note.    Alteration.    Evidence.    Burden of Proof.*

The unauthorized alteration of a note payable "to order" by inserting after those words "or bearer," will not vitiate the note if done without any fraudulent or improper intent; but the burden of proof will rest on the holder to show that the act was done innocently.

Such an alteration is material, in that it changes the contract as an instrument of evidence, and enlarges the negotiable character of the note.

ON EXCEPTIONS.

This was an action on a promissory note, of which the following is a copy:

"$85.00.                              MONSON, Aug. 8th, 1883.

One year after date I promise to pay to the order of J. G. Timberlake or bearer Eighty-five $\frac{}{100}$ dollars at my house with interest, value received.                              I. D. LABREE."

The note was written by filling out a printed blank. The defense was that the words "or bearer" had been written in after the note had been completed, signed and delivered by the maker, and without his knowledge or consent. The presiding justice instructed the jury, that, "to constitute a defense by this alleged alteration, you must be satisfied that the words 'or bearer' were written in by some person after the note was made and delivered, for a fraudulent purpose, with an improper motive, for the purpose of changing the character of the contract and changing the obligation of the maker; because if the words were written in by mistake, without the improper motive, without the fraudulent intent, they may be disregarded, and they would not affect the contract at all."

The justice further instructed the jury that the burden of proof was upon the defendant to satisfy them that the note was improperly changed.

There was a verdict for the plaintiff, and the defendant excepted.

*E. O. Greenleaf*, for defendant.

It is not necessary to show fraud, if it was a material alteration. Interlining the words "or bearer" materially changes the manner of its negotiability. Daniel, Neg. Insts., 3d ed., Vol. 2, § 1395.

The agent here might have considered it harmless to add the words "or bearer," and negotiate the note with the plaintiffs instead of turning it over to Timberlake, the payee. It might possibly deprive the defendant of an offset otherwise available. It imparts a different negotiability and is a material alteration.

Among the list of alterations that have been held material, is this one claimed by the defendant in this case, i. e. inserting the words "or bearer."

Am. Decisions, Vol. 10, page 271, and the cases there cited.

*Joseph C. Holman*, for plaintiffs.

In connection with the whole charge, which is a part of these exceptions, there is no error in the law as given by the presiding justice.

Whether there was a material alteration in the note, and whether it was fraudulent or not, was a question of fact for the jury. *Bank* v. *Harriman*, 68 Maine, 522, and the cases there cited.

PETERS, C. J. The note in controversy contains the promise of the defendant to pay, "to the order of" J. G. Timberlake "or bearer," a sum of money, and was indorsed by the payee to the plaintiff. The defense at the trial was an alleged unauthorized alteration of the note by inserting in it the words "or bearer."

The judge at the trial ruled that, if the alteration, though unauthorized, was made innocently, without any fraudulent or improper motive, it would not avoid the note. That was correct and is well borne out by the principle established in *Milbery* v. *Storer*, 75 Maine, 69.

The further instruction was given that the burden of proof was on the defendant (the maker) to satisfy the jury that the note was improperly altered. We are of opinion that this instruction was not correct. The act of alteration was apparently fraudulent. A wrongful act naturally indicates a wrongful intent, and re-

quires explanation to excuse it. The holder of a note must show that an alteration proved or admitted was made innocently. Otherwise it would follow that, in the case of the most glaring forgeries by alteration of negotiable paper, the party sought to be charged thereon must explain the motive of the forger. In the case cited it is declared that alteration is *prima facie* evidence of fraudulent intent, but that it may be rebutted and disproved.

The alteration in the present instance was a material one. It undertook to foist a contract on the maker not made by him. It changed the obligation as an instrument of evidence. *Chadwick* v. *Eastman*, 53 Maine, 12; *Hewins* v. *Cargill*, 67 Maine, 554. It was held in *Dodge* v. *Haskell*, 69 Maine, 429, that the burden is on the plaintiff to explain any apparent material alteration of a note, so far as it does not sufficiently explain itself to the minds of a jury.

*Exceptions sustained.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.