DAVID I. GRAPES *v.* JOHN ROCQUE.

February Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 10, 1924.

*Alteration of Instruments—Ratification of A Material Alteration of Note Necessary for Recovery—New Consideration for Ratification When Alteration Amounts to Forgery—What Alteration Amounts to Forgery—Evidence Bearing on Intent in Making Alteration—Admissibility of Altered Note in Evidence—Waiver of Exception to Overruling Motion for Directed Verdict—Tender—Effect of Acceptance of Amount Tendered on Altered Note—Accord and Satisfaction—Effect of Failure to Show New Consideration for Ratification of Alteration May Be Presumed from Tender—When Ratification Jury Question—Prima Facie Effect of Material Alteration—Sufficiency of Evidence to Rebut Fraudulent Intent for Jury.*

1.  A recovery cannot be had upon a materially altered note unless ratification of the alteration by the defendant is shown.
2.  Where an alteration of an instrument is fraudulent, amounting in law to forgery, it cannot be ratified without a new consideration, so as to create a liability upon it in favor of the guilty party.

3. A material alteration does not amount to forgery, unless made with intent to defraud, such intent being of the very essence of the offense.

4. In an action on a note, when the defense was a material alteration thereof by the insertion in the instrument of the words "with interest," evidence by the plaintiff that he wrote such words into the note to remind an inexperienced bookkeeper of interest in case defendant called to pay while plaintiff was absent, and that he did not intend to change the character of the note, was admissible on the issue of whether the alteration amounted to forgery, the evidence bearing upon the question of intent to defraud.

5. In an action on a note, whether an alteration amounted to a forgery, although a fact for determination, which, when determined, might or might not bar recovery on the note, did not affect its admissibility.

6. Under the Negotiable Instruments Act, Laws 1912, No. 99, § 124 (G. L. 2993), a note, although materially altered, is not avoided as to the maker, if he assented to the alteration.

7. Under the Negotiable Instruments Act subsequent ratification of a material alteration has the same effect as prior assent.

8. In an action on a note, where its execution was admitted by the answer, the note was admissible regardless of the character of the alteration.

9. An exception to the overruling of defendant's motion for a verdict at close of plaintiff's evidence is waived by proceeding with the trial.

10. Where the attorney of the maker of a note, after an action had been instituted thereon, sent the payee's attorneys check for a certain sum, accompanied by a letter stating that the check was tendered "as the amount legally and equitably due on the note," and the check was accepted for the purpose for which it was tendered, and the maker given credit therefor, the transaction operated as a payment *pro tanto* on the note.

11. A tender of part of the amount due on a note tended to show a ratification by the maker of a material alteration therein, as it was an acknowledgment of the validity of the note and of liability thereon to the extent of the tender.

12. The acceptance of an amount tendered by the maker of a note to the payee "as the amount legally and equitably due on the

note" does not constitute a satisfaction of the note, being merely an assertion of what the maker claims and an identification of the demand upon which he makes tender.

13. In an action on a note failure to show a new consideration to support a ratification of a material alteration therein did not necessarily preclude a recovery, since none was required unless it was found that the alteration amounted to a forgery.

14. Where the maker of a note knew of an alteration before making a tender thereon, the inference might fairly be drawn therefrom that he intended thereby to ratify such alteration.

15. In an action on a note, where the question of whether the alteration amounted to a forgery was in issue, and there was no evidence of a new consideration without which, if the alteration amounted to a forgery, it could not be ratified, the question of ratification was for the jury.

16. A material alteration of a note after delivery is *prima facie* evidence of fraudulent intent which requires him who would avoid its effect to rebut or dispel it.

17. In such a case, whether the evidence is sufficient for that purpose is for the jury.

ACTION OF CONTRACT to recover on a note. Pleas, a material alteration after delivery of the note, without the direction, knowledge, or consent of the defendant, fraud, false warranty, and want of consideration. Replication, alleging ratification of the alteration by payment on the note. Trial by jury at the June Term, 1923, Caledonia County, *Fish,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*A. W. Farman* and *W. W. Reirden* for the defendant.

*Porter, Witters & Longmoore* for the plaintiff.

SLACK, J. This case has been here before and is reported in the 96 Vt. at page 286, 119 Atl. 420, where a statement of the facts involved appears. After it was remanded the plaintiff filed a replication alleging ratification of the alteration by payment on the note. Trial was had by jury, resulting in a verdict and judgment for the plaintiff, and the case is here on defendant's exceptions.

On the trial below, the plaintiff admitted at the outset that he wrote the words "with interest" into the note after it was delivered to him, and, subject to defendant's objection that the alteration amounted to a forgery and so could not be ratified, was then permitted to show why he did it.

[1, 2]   Since the alteration was a material one, as was held when the case was here before, a recovery could not be had on the note unless ratification of the alteration by the defendant was shown.   *Gray* v. *Williams, et al.*, 91 Vt. 111, 99, Atl. 735; *Barton Savings Bk. & Tr. Co.* v. *Stephenson*, 87 Vt. 433, 89 Atl. 639. No reason is apparent, other than that of forgery, why the defendant might not ratify the alteration.   *Gray* v. *Williams et al.*, *supra*, and cases there cited; 1 R. C. L. 1031; 2 C. J. 1255. Whether a forgery can be ratified, so as to create a liability on the forged instrument, in the absence of circumstances constituting an estoppel *in pais* is a question upon which there is an apparent conflict of authority.   But in a large majority, if not all, of the cases cited in support of the affirmative of this proposition, it will be found that the question arose in connection with circumstances creating an estoppel, or that there was in fact no fraudulent making or altering, so that those cases are not in point.   The logical, and generally recognized, rule is that, where the alteration is fraudulent, amounting in law to forgery, it cannot be ratified without a new consideration, so as to create a liability upon it in favor of the guilty party.   This is the rule laid down in *Jenness* v. *Simpson*, 84 Vt. 127, 146, 78 Atl. 886, an action on the case for alienation and criminal conversation, where the plaintiff's right to deny the validity of a release which he had given his wife, whereby he undertook to release her and the defendant from all causes of action which he had against either of them at law or in equity, was challenged.   The Court said: "Where the transaction is contrary to good faith and the fraud affects individual interests only, ratification is allowed; but where the fraud is of such a character as to amount to crime or other wrong involving the public interests, ratification is not allowed."   The effect of a new consideration was not there considered because not involved.   See also *Wilson* v. *Hayes*, 40 Minn. 540, 42 N. W. 467, 4 L. R. A. 196, 12 A. S. R. 754, a leading case on the subject; 1 R. C. L. 1033; 2 C. J. 1256.   To the same effect are many of the cases cited by the defendant.

[3]   But a material alteration does not amount to forgery, unless made with intent to defraud, such intent being of the very essence of the offense.   Blackstone's definition of forgery is, "The fraudulent making or alteration of a writing to the prejudice of another man's rights."   4 Bl. Com. 247; and Mr. McClain says that it is difficult to give a more definite description of the offense.   II McClain Crim. Law, § 744.   Mr. Bishop's definition is, "The false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability."   1   Bishop's New Crim. Law, § 572.   See also 26 C. J. 897; 12 R. C. L. 130.

[4]   The challenged evidence, which was, in effect, that the plaintiff had an inexperienced girl in his office who he thought "wouldn't probably think of the interest," and he wrote those words into the note to remind her of it in case the defendant called to pay the note in his, the plaintiff's absence, and that he did not intend to change the character of the note, bore upon the question of intent to defraud, and was admissible on the issue of whether the alteration amounted to forgery.

[5-8]   In addition to the foregoing evidence, the plaintiff testified, in effect, on cross-examination, that he supposed at the time the note was given that a demand note bore interest from its date, even though it contained no stipulation therefor; that he did not write the words "with interest" into the note for the purpose of getting additional money, but for the "simple reason" stated in his direct examination, namely, to call the matter of interest to the attention of his bookkeeper.   It also appeared from the testimony of the defendant that after he knew of the alteration he and his attorney concluded to make a tender on the note for a certain amount, and that he gave his attorney money for that purpose; and the plaintiff's attorneys conceded that they received from the defendant's attorney a check which included five hundred dollars as a tender on the note, and that the check was accepted, and the defendant given credit therefor.   With the evidence and concession standing thus, the note was received in evidence subject to the defendant's exception that it was inadmissible because the alteration, being a forgery, could not be ratified, and, being made without the assent of all the parties, ratification was precluded by the provisions of the Negotiable Instruments Act.   It should appear from what has already been

said that the first ground of objection is without merit. Whether the alteration amounted to a forgery was a fact to be determined, which, when determined, might or might not bar a recovery on the note, but did not affect its admissibility. Nor is the second ground of objection tenable. There is nothing in the Negotiable Instruments Act (Laws 1912, No. 99, G. L. Ch. 140) that prevents a party to a negotiable instrument from ratifying a material alteration of such instrument. Section 124 of the Act of 1912, G. L. 2993, which the defendant relies upon, reads thus: "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers." By the very terms of this statute, the note was not avoided as to the defendant, the maker, if he assented to the alteration. And consent by ratification is of the same legal effect under the Negotiable Instruments Act as prior assent. *Holyfield* v. *Harrington,* 84 Kan. 760, 115 Pac. 546, 39 L. R. A. (N. S.) 131. Moreover, since the execution of the note was admitted by the answer, it was admissible regardless of the character of the alteration, the evidence concerning that being for the consideration of the jury. *Beaman* v. *Russell,* 20 Vt. 205, 215, 49 A. D. 775.

[9] At the close of plaintiff's evidence, the defendant moved for a directed verdict, the motion was overruled, and he saved an exception. This exception he waived, however, by proceeding with the trial. *Hobbs & Son* v. *Grand Trunk Ry. Co.,* 93 Vt. 392, 108 Atl. 199; *Latremouille* v. *Bennington & Rutland Ry. Co.,* 63 Vt. 336, 22 Atl. 656.

At the close of all the evidence, the defendant moved for a directed verdict on the grounds: (a) That there was no evidence of ratification by payment, the evidence, at most, only tending to show a tender; (b) that tender or payment by defendant to plaintiff on the note was not an assent to the alteration within the meaning of G. L. 2993; (c) that the alteration was of such character as to render the note void and incapable of ratification; (d) that the undisputed evidence of the plaintiff was that the defendant tendered him five hundred dollars as the amount legally and equitably due on the note, which sum the plaintiff accepted as payment subject to the conditions attached to the tender; (e) that the plaintiff failed to show any new consid-

eration moving from him to the defendant to support the ratification, this being necessary since the alteration amounted to a forgery; and (f) that the plaintiff failed to show an intent on the part of the defendant to ratify the alteration.

[10]   The grounds of the motion are considered in their order.   (a) It appeared that, after the suit was commenced, and only a short time before trial, the defendant's attorney sent the plaintiff's attorneys a check for $547.50 accompanied by a letter which read as follows:

"Gentlemen:—

I am herewith enclosing check for $547.50 as tender of the amount due from John Rocque to David I. Grapes on the matters mentioned in the specifications in this suit, David I. Grapes v. John Rocque, now pending in Caledonia County Court.

For your information, this sum is made up as follows: $19.00 costs, $28.50 for Hudson rear spring, tax, charges, and interest on same, and $500.00 as the amount legally and equitably due on the note.   Will you kindly acknowledge receipt of this check as a tender.
                    Very truly yours,"

The letter and check were duly received by plaintiff's attorneys who accepted the check for the purpose for which it was tendered, and gave the defendant credit therefor.   This transaction operated as a payment *pro tanto* on the note.   *Oakes et al.* v. *Buckman,* 87 Vt. 187, 88 Atl. 736; *Carpenter* v. *Welch,* 40 Vt. 251; *Goslin* v. *Hodson,* 24 Vt. 140.   And was properly pleaded as such.

[11]   The defendant insists that the evidence showed a tender only, and that the tender did not amount to a ratification. As we have just seen, when the tender was accepted it operated as a payment of that amount.   But, if treated as a tender, it, at least, tended to show ratification.   It was an acknowledgment of the validity of the note, and of liability thereon to the extent of the tender.   *Woodward* v. *Cutter,* 33 Vt. 49; *Noble* v. *Fagnant,* 162 Mass. 275, 286, 38 N. E. 507; *Bouve* v. *Cottle,* 143 Mass. 310, 9 N. E. 654; *Eaton* v. *Wells,* 82 N. Y. 576; *Ahrens* v. *Fenton,* 138 Iowa, 559, 115 N. W. 233; *Met. Nat. Bank* v. *Commercial State Bank,* 104 Iowa, 682, 74 N. W. 26.   The effect of tender where the right of forfeiture exists is analogous.   See *Patnote* v. *Sanders,* 41 Vt. 66, 98 A. D. 564.

(b) and (c) are disposed of by what had already been said.

[12]    (d)   The claim that the acceptance of the tender by plaintiff constituted a satisfaction of the note is untenable. There is nothing in the letter that can be fairly construed as conveying that idea to the plaintiff. The $500 was tendered "as the amount legally and equitably due on the note." This language is not different, in effect, than that used in *Preston* v. *Grant*, 34 Vt. 201, where the tender was made "as the balance due upon said notes." Concerning this language the Court said: "This is merely an assertion of what he claims and an identification of the demand upon which he makes the tender. * * * * The person who makes a tender does it because it is the amount or balance that he concedes to be due, and he makes it for that reason, and if he declares it to be so, it does not change the character of the act." See, also, *Foster* v. *Drew*, 39 Vt. 51.

[13]    (e)   Failure to show a new consideration to support a ratification did not, necessarily, preclude a recovery, since none was required, unless it was found that the alteration amounted to forgery. *Payne* v. *Long*, 121 Ala. 385, 25 So. 780; *Holyfield* v. *Harrington, supra; State* v. *Paxton*, 65 Neb. 110, 90 N. W. 983.

[14]    (f)   The defendant testified, as we have seen, that he knew about the alteration before he made the tender. This being so, the natural inference, and one which the jury might fairly draw, would be that he intended thereby to ratify such alteration. This disposes of all questions raised by the motion.

The court held as a matter of law that ratification was established, and submitted to the jury only the question of plaintiff's fraud and deceit in the sale of the automobile for which the note was given, and the question of damages. To the court's action concerning the question of ratification the defendant excepted.

[15-17]   The court evidently disposed of this question on the evidence of the defendant that he knew about the alteration when he made the tender, without reference to the question of whether the alteration amounted to forgery. As we have seen, if it amounted to forgery it could not be ratified without a new consideration, of which there was no evidence. Whether the action of the court could be sustained if the question of forgery was not in issue we need not decide, since it was in issue, and

the question of ratification was, therefore, for the jury. It is true that plaintiff's evidence of why he made the alteration was not disputed, but a material alteration, after delivery, is *prima facie* evidence of fraudulent intent which requires him who would avoid its effect to produce evidence to rebut or dispel it. *Croswell* v. *Labree,* 81 Me. 44, 16 Atl. 331, 10 A. S. R. 238; *Milbery* v. *Stover,* 75 Me. 69, 46 A. R. 361; *Maguire* v. *Eichmeier,* 109 Iowa, 301, 80 N. W. 395; III Jones on Ev., § 566; 2 C. J. 1270. And whether his evidence is sufficient for that purpose is for the determination of the jury. To that branch of the court belongs the question of intent in all such cases. III Jones on Ev., § 564; Greenl. Ev., § 546; *Beaman* v. *Russell, supra.*

*Judgment reversed and cause remanded.*