HERBERT A. FREDERICK *v.* GAY'S EXPRESS, INC.

Special Term at Rutland, November, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 7, 1941.

*Ralph E. Edwards* and *James E. Bigelow* for the plaintiff.

*Louis G. Whitcomb* and *Raymond V. Denault* for the defendant.

BUTTLES, J.   This is an action in tort for alleged negligence brought in Bellows Falls Municipal Court in which exceptions taken by the plaintiff are attempted to be passed to this Court before final judgment under the provisions of P. L. 2072 and P. L. 1405.   The trial court permitted the defendant to file, over objection and exception by the plaintiff, a pleading consisting of two paragraphs of which the first paragraph was in form appropriate for a plea of general denial and the second in form appropriate for a demurrer.   To the consideration of this pleading by the court, to its ruling that the pleading was a demurrer and to its further ruling sustaining the demurrer the plaintiff duly saved exceptions on several grounds.   Thereafter plaintiff asked leave to replead which was granted.   The plaintiff then asked to have the cause passed to the Supreme Court before final judgment for hearing and determination on the plaintiff's exceptions, and with this request the court attempted to comply.

It is well settled that exceptions, although properly taken and saved in the trial court, may be waived, so as to bar

their consideration on appeal, as where, on a trial, a party takes a step or adopts a course directly inconsistent with an exception previously taken by him to some ruling of the trial court. 4 C. J. S. 767, Sec. 350; 3 C. J. 958, Sec. 848; *Anson* v. *Dwight,* 18 Iowa 241; *Cincinnati Tract. Co.* v. *Durack,* 78 Ohio State 243, 85 N. E. 38, 14 Ann. Cas. 218; *Spinney* v. *Meloona,* 74 N. H. 384, 68 Atl. 410. This rule has often been applied by this Court. In a considerable number of cases including *Latremouille* v. *B. and R. Ry. Co.,* 63 Vt. 336, 343, 22 Atl. 656; *Grapes* v. *Rocque,* 97 Vt. 531, 536, 124 Atl. 596; *Campbell* v. *Bryant,* 98 Vt. 486, 488, 129 Atl. 299, it has been held that an exception to the overruling of a motion for a directed verdict is waived by the moving party thereafter proceeding with the trial. In *Houston* v. *Brush and Curtis,* 66 Vt. 331, 337, 29 Atl. 380, and in *Smith* v. *City of Rutland,* 99 Vt. 183, 184, 130 Atl. 714, an exception to the overruling of a demurrer is held to be waived by pleading over and going to trial on the merits. In *Carpenter* v. *C. V. Ry. Co.,* 93 Vt. 357, 368, 107 Atl. 569, an exception to the overruling of a motion to dismiss an amended count of the declaration was waived by pleading in bar to that count, and in *Bemis* v. *Aldrich,* 102 Vt. 277, 147 Atl. 693, defendant's exception to the denial of his motion to dismiss the petition was waived by proceeding to a trial on the merits. See, also, *Fadden* v. *McKinney,* 87 Vt. 316, 325, 89 Atl. 351, and *Lee* v. *Follensby and Peck,* 86 Vt. 401, 414, 85 Atl. 915.

■■ While the plaintiff in the present case did not replead, the same principle applies, since by asking and obtaining leave to do so he elected to follow that course and thereby waived the exceptions which he had previously taken. The record discloses no exceptions except those so waived and no questions are presented for our determination. The cause should therefore be remanded in order that plaintiff may replead in accordance with leave granted.

*Bill of exceptions dismissed and cause remanded.*