No. 13449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

ANTHONY MARTIN SWAZIO,

Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Moses, Kampfe, Tolliver and Wright, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Dennis Moreen, Assistant Attorney General, Helena,
Montana
Arthur W. Ayers, Jr. County Attorney, argued, Red Lodge,
Montana

---

Submitted: April 14, 1977

Decided: JUL 26 1977

Filed: JUL 26 1977

Thomas Jc. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On June 27, 1974, an Information was filed in the district court, Carbon County, charging Anthony Martin Swazio with aggravated assault. The victim of the alleged assault was Deputy Sheriff Robert Peters. On April 21, 1976, defendant was found guilty by a jury verdict. Defendant was sentenced to the state prison at Deer Lodge, Montana, for a period of one year. From this verdict and final judgment defendant appeals.

On June 22, 1974, at approximately 10:45 p.m., Swazio was informed by his wife that Deputy Sheriff Robert Peters had been to their home during the day looking for a Steve Hull, a friend of Swazio. This upset defendant as there existed bad blood between he and Deputy Sheriff Peters. Swazio drove to the Peters' residence with a Bruce Brush. Brush accompanied defendant to show him where Deputy Sheriff Peters lived. Swazio parked his car in front of the Peters' residence, then walked through a gate in the fence enclosing the house and yard, and to the door of the house. Brush remained inside defendant's vehicle the entire time. The wife of Deputy Sheriff Peters, Phyllis Peters, answered the door. Swazio requested that Peters come out of the house and speak with him. Deputy Sheriff Peters came outside and went through the gate of the fence and there met defendant.

At this time an argument ensued between them regarding the conduct/Deputy Sheriff Peters earlier that day and both were
of
yelling at each other. Phyllis Peters, seeing the discussion had escalated into a violent argument, came from the house with a gun and fired it into the air, apparently in an attempt to stop

- 2 -

the argument. The firing of the shot had no effect on defendant or Deputy Peters.

At this time Deputy Sheriff Peters took the gun from his wife and informed defendant he was going to place him under arrest for disturbing the peace. At this point there is conflict in the facts. Peters and his wife testified that as Peters was about to frisk defendant, defendant made a sudden move turning toward Peters. The gun discharged and defendant was shot in the back. Prior to the shooting Deputy Peters and his wife claim defendant assaulted Deputy Sheriff Peters by striking him with his fist. Defendant testified that when Peters said he was arresting him, he threw up his arms, turned, and walked away from Peters toward his vehicle. After taking a few steps he was shot in the back. Defendant claimed he never struck Deputy Peters, until after/he was shot in the back.

As a result of the shooting defendant filed a civil claim against the state of Montana. Defendant's attorney moved to have any evidence of the civil claim excluded from trial. The motion in limine was denied. Brush, defendant's companion, gave a statement to Deputy Sheriff Peters soon after the incident. Brush could not be found to be served with a subpoena to appear at trial so defendant's attorney attempted to introduce the statement given to the deputy sheriff into evidence. The trial court disallowed the introduction of the statement at trial.

On appeal defendant presents three issues for review by this Court:

1. Whether the district court erred in denying defendant's motion in limine, thereby allowing evidence to be presented to the jury regarding defendant's civil claim against the state of Montana?

2. Whether the district court erred in refusing to allow into evidence signed statements by an impartial eyewitness to the alleged crime, Bruce Brush, in absence of Brush's testimony?

3. Whether there was sufficient evidence to support a verdict of guilty?

Issue 1 concerns the trial court's denial of the motion in limine. This issue cannot be reviewed due to the voluntary actions taken by defendant's attorney. After the defendant's motion in limine was denied his attorney brought the matter of the civil suit before the jury while questioning defendant on direct examination.

The rule concerning preservation of exceptions and objections at trial is set forth in 5 Am Jur 2d, Appeal and Error §562. It states:

> "Even where exceptions have been duly taken to a matter the appellate court may refuse review where the exception is deemed waived by subsequent inconsistent conduct of the party complaining.* * *"

In this case defendant waived his right to object to the evidence by the introduction into the trial of the subject matter that the motion in limine was meant to suppress. Defendant cannot object to the consequences of his own voluntary actions. Croteau v. Allbee, 117 Vt. 332, 91 A.2d 803; Frederick v. Gay's Express Inc., 111 Vt. 411, 17 A.2d 248.

Defendant in his Issue 2 contends the court erred in not allowing the statement taken from Bruce Brush to be admitted into evidence. He relies on the doctrine of res gestae and the best and secondary evidence rule. Res gestae is recognized as an exception to the hearsay rule. The statement Brush gave to Deputy Peters was a narrative statement followed by questions and answers. This Court in Sullivan v. Metropolitan Life Ins. Co., 96 Mont. 254, 268, 29 P.2d 1046, stated:

"* * * No precise rule has been, nor can be, formulated for determining what statements are a part of the res gestae; consequently, each case in in a sense a law unto itself and must be decided on its particular facts, so that precedents are valuable more for the purpose of illustration than for establishment of a rule which may be generally followed." 96 Mont. 268.

The amount of time between the incident and the time the statement was taken by the deputy sheriff is not clear from the record, however it does appear the statement was completed within an hour or two after the incident occurred. This Court in Sullivan said:

"The element of time elapsing after the accident and before the utterance sought to be proved is not decisive, but important." 96 Mont. 268.

Therefore a lapse of time does not automatically exclude hearsay statements from the res gestae rule. However, the lapse of time taken in combination with other factors may well indicate the rule is not applicable to the statement.

This Court in State v. Newman, 162 Mont. 450, 457, 513 P.2d 258, divided the res gestae rule into four categories:

"* * * In modern usage the 'res gestae' exception actually involves four distinct types of cases (1) excited utterances, (2) declarations of present sense impressions, (3) declarations as to state of mind, and (4) declarations as to body condition. In each of these instances the basic rationale underlying the 'res gestae' exception to the hearsay rule is that the statements are spontaneous and contemporaneous, lending a particular reliability of trustworthiness to the statement. 162 Mont. 457.

The only category into which Brush's statement could fall is the second: declaration of present sense impressions. Brush's statement may have been describing an event, but there was no showing the statement was made while the speaker was laboring under excitement and before he had time to reflect or otherwise come within the rule enunciated by this Court. Therefore, the statement was not a declaration that formed part of the transaction and there was no abuse on the part of the district court in denying the admission of hearsay evidence.

Counsel for defendant also argues in support of the admissibility of Brush's statement under the best and secondary evidence rule. Counsel argues since Brush was outside of the state of Montana, that his statement to the deputy sheriff was admissible as the best evidence available. 2 Jones on Evidence, 6th Ed., § 7:2, states:

> "The best evidence rule is generally, if not almost exclusively, invoked where proof is to be made of a record in writing or where there is an attempt to substitute oral for documentary evidence of the content of a writing. In fact it has been said that the term 'best evidence' is a convenient short description of the rule governing proof of the contents of a writing."

The question of the applicability of the best evidence rule, other than to documents, has not been reached directly in Montana and has not been extended to a situation of this kind.

Issue 3 is whether there was sufficient evidence to support a verdict of guilty? The test is whether there is sufficient credible evidence, if believed by the jury, to support its verdict. If there is sufficient credible evidence the verdict will stand. State v. Farnes, ____Mont.____, 558 P.2d 472, 33 St.Rep. 1270, 1274.

The evidence here is in conflict. Deputy Sheriff Peters and his wife claim Peters was struck by defendant before defendant was shot, yet neither one could agree on how many times he was struck nor exactly when. Defendant, on the other hand, claims he did not hit Peters until after he was shot. This was the base line testimony of all witnesses to the incident. In State v. Fitzpatrick, 163 Mont. 220, 226, 516 P.2d 605, this Court set forth its position in determining questions of sufficiency of the evidence:

"As this Court has held many times over, the jury is the fact finding body in our system of jurisprudence, and its decision is controlling. The jury is free to consider all evidence presented and to pick and choose which of the witnesses it wishes to believe. If sufficient testimony was introduced, as well as exhibits to justify the jury's findings, then its conclusions will not be disturbed unless it is apparent there was a clear misunderstanding by the jury or that there was a misrepresentation made to the jury." 163 Mont. 226.

Defendant contends the uncontradicted physical evidence in this case was ignored by the jury. The general law in Montana is that uncontradicted credible evidence cannot be disregarded by a court or by a jury. Holenstein v. Andrews, 166 Mont. 60, 530 P.2d 476. In reviewing the district court record there is considerable physical evidence which supports defendant's contentions, but this evidence was not uncontroverted evidence. Both ballistics witnesses testified defendant was probably shot from at least 36 inches away, yet neither expert could rule out the possibility of a contact shot. The jury is not bound by expert opinion evidence. In short, the jury is the trier of fact. In State v. Glidden, 165 Mont. 470, 473, 529 P.2d 1384, this Court stated:

"In a criminal prosecution the weight of evidence and credibility of the witness is a matter exclusively within the province of the jury and should not be disturbed by a court of appeal."

While defendant's story, if believed, would lead to the conclusion he was not guilty of aggravated assault, the jury was not required to believe the testimony of the defendant or the testimony of the expert witnesses. Viewing the evidence in the light most favorable to the state, these factors support the jury's conclusion:

(1) Defendant went to the Deputy Sheriff's home at approximately 11:00 p.m. because he was extremely upset with Deputy Peters' conduct; (2) they proceeded to have a heated argument; (3) the officer was placing defendant under arrest, and (4) Peters and his wife testified defendant struck Deputy Sheriff Peters prior to the time defendant was shot.

There being no reversible trial error and the record does reveal sufficient substantial and credible evidence to support the verdict of the jury, the judgment of the trial court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.