FILED

03/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0067

DA 16-0067

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 46N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JAMES RAND HERNVALL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC-15-19
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Paul M. Leisher, Paoli Law Firm, P.C., Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Robert Zimmerman, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs:  January 18, 2017

Decided:  March 7, 2017

Filed:

                          Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court:

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James Rand Hernvall appeals his jury conviction and judgment in the Twentieth Judicial District Court, Sanders County, for one count of theft, in violation of § 45-6-301, MCA, and for two counts of burglary, in violation of § 45-6-204, MCA. We address: (1) whether Hernvall's ineffective assistance of counsel claim is proper on direct appeal, and (2) whether there was sufficient evidence to convict Hernvall of theft of a truck and of accountability for the two burglaries. We affirm.

¶3 On the evening of March 19, 2015, Sanders County Deputy Robyn Largent discovered Hernvall and Jessica Pullan trespassing on Shawn Ballard's vacant property located on Four Wheel Drive Road in Trout Creek, Montana. Largent initially concealed himself to surreptitiously observe Hernvall and Pullan. Before revealing his presence to Hernvall and Pullan, Largent heard Hernvall say, "Let's get this done," as Hernvall and Pullan got out of a blue Mitsubishi coupe and walked towards a black Dodge Ram truck that was stuck in the mud. After revealing himself, Largent arrested Hernvall and Pullan. Police seized the cars that were on Ballard's property and towed them to the Sanders County impound yard.

¶4 Ballard, who lives in Wenatchee, Washington, inspected his property after the arrests. He testified that his yard was torn up by vehicles, a replacement part for a Polaris Ranger kept in his shop had been moved to his barn on the property, a wheelbarrow and two shovels kept in his barn were found near where one vehicle was stuck in the mud, and items from Brian Jensen's nearby residence were found in his barn. On March 20, 2015, Jensen discovered signs that his house—which was for sale at the time—had been burglarized, and Deputy Noah Hathorne was dispatched to investigate. Hathorne testified that two days before Hernvall and Pullan were arrested, Jensen told him he had left the house in neat condition. Upon inspecting the house the day after the arrests, Jensen told Hathorne that he found doors and cabinets inside the house were opened, a welder kept in his garage had been moved outside, and his son's motorcycle was missing from his garage. The motorcycle tire tracks led from Jensen's property to Ballard's property where the motorcycle was recovered.

¶5 Near the tire tracks on Jensen's property, officers found a piece of a car's bumper that was later matched to the Mitsubishi. Officers also recovered various stolen items in Ballard's barn, including Jensen's chainsaw and a plastic tub containing Jensen's son's graduation gifts. The Mitsubishi contained, among other things, Jensen's collection of license plates, as well as three rifles and a shotgun that had been reported stolen from a Thompson Falls storage unit nine days earlier. The Dodge Ram, which also contained items stolen from Jensen's property, was reported stolen from Polson in December 2014.

¶6 On May 19, 2015, the State charged Hernvall by amended information with the following counts: (I) possession of a dangerous drug; (II) possession of drug

3

paraphernalia; (III) theft of a black 2006 Dodge Ram truck of value more than $1,500; (IV) possession of property subject to criminal forfeiture; (V) burglary of a storage unit rented by Leslie Gingerly; (VI) burglary of a residence owned by Brian Jensen; (VII) burglary of a residence owned by Shawn Ballard. Hernvall pleaded not guilty to all charges. On June 29, 2015, the District Court granted the State's motion to dismiss the possession charges. On July 22, 2015, a jury convicted Hernvall on Count III, theft of the Dodge Ram, Count VI, burglary of the Jensen residence, and Count VII, burglary of the Ballard residence. On December 1, 2015, the District Court entered its final judgment and sentenced Hernvall to the Department of Corrections for ten years with five years suspended for theft, and to the Department of Corrections for twenty years with fifteen years suspended for each of the two counts of burglary, with all sentences to run concurrently.

¶7     Hernvall contends that his trial counsel was ineffective because he failed to call Pullan as a witness. Hernvall contends Pullan's testimony could have exculpated him. Pullan allegedly made statements to law enforcement before trial that implicated others in the burglaries but did not implicate Hernvall. Hernvall argues that had Pullan been called as a witness, she could have provided the jury with an explanation as to why Hernvall was present on property that did not belong to him in the presence of a stolen truck and a bunch of stolen items from multiple burglaries.

¶8     Claims of ineffective assistance of counsel (IAC) are mixed questions of law and fact we review de novo. *St. Germain v. State*, 2012 MT 86, ¶ 7, 364 Mont. 494, 276 P.3d 886. However, before reaching the merits of an IAC claim, we must determine whether

4

the allegations are properly before us. *State v. Gunderson*, 2010 MT 166, ¶ 70, 357 Mont. 142, 237 P.3d 74. In general, "[t]he test to determine if an ineffective assistance claim is properly brought on direct appeal is whether the record contains the answer as to 'why' counsel took, or failed to take, action in providing a defense." *State v. Upshaw*, 2006 MT 341, ¶ 33, 335 Mont. 162, 153 P.3d 579 (citing *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, 30 P.3d 340). If the record on appeal explains why trial counsel acted as he or she did, we will address the issue on appeal. If, however, the claim is based on matters outside the record on appeal, we may refuse to address the issue on appeal and allow the defendant to file a postconviction proceeding in order to develop a record as to "why" counsel acted as alleged, thus allowing the court to determine whether counsel's performance was ineffective or merely a tactical decision. *Gunderson*, ¶ 71.

¶9 In this case, the answer as to why Hernvall's counsel opted not to call Pullan as a witness is not apparent from the record. The record is silent as to whether Pullan would have actually testified as Hernvall contends, as well as whether trial counsel may have had legitimate tactical reasons for not calling her as a witness even if she so testified. Therefore, Hernvall's IAC claims are not properly the subject of a direct appeal.

¶10 Hernvall next argues that the State introduced no evidence that he knew or should have known the truck was stolen, or that his purpose was to deprive the truck's owner of the truck. Hernvall also argues the State introduced no direct evidence, such as fingerprints, that he entered the burglarized residences, and that a conviction based solely on circumstantial evidence is only justified when the facts and circumstances are entirely

5

consistent with the theory of guilt and inconsistent with any other rational conclusion. *See State v. Miller*, 231 Mont. 497, 512, 757 P.2d 1275, 1284 (1988).

¶11 Hernvall also contends that a person is only accountable when he assists either before or during the commission of the offense and not after, and that the State produced no evidence that gave rise to a reasonable inference that Hernvall did anything in particular before or during the burglaries.

¶12 The State responds that a rational juror could conclude that Hernvall committed or assisted in both burglaries and the theft of the truck based on the circumstantial evidence presented at trial, and that the jury was entitled to make reasonable inferences based on the totality of the circumstances. We agree.

¶13 We review de novo whether sufficient evidence exists to convict a defendant. *Gunderson*, ¶ 58. In viewing the evidence in a light most favorable to the prosecution, we determine whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Gunderson*, ¶ 58.

¶14 For a theft conviction, the jury must determine beyond a reasonable doubt that the defendant (1) purposely or knowingly obtains or exerts control over the property of another and (2) has the purpose of depriving the owner of the property. Section 45-6-301(1)(a), MCA. For a burglary conviction, the jury must determine beyond a reasonable doubt that the defendant (1) knowingly enters or remains unlawfully in an occupied structure (2) with the purpose to commit an offense therein. Section 45-6-204(a), MCA. A person is legally accountable for the conduct of another when either before or during the commission of an offense and with the purpose to promote or

6

facilitate such commission the person solicits, aids, abets, agrees or attempts to aid such other person in the planning or commission of the offense. Section 45-2-302(3), MCA.

¶15   We have repeatedly held circumstantial evidence alone is sufficient to obtain a conviction. *State v. Bowen*, 2015 MT 246, ¶ 30, 380 Mont. 433, 356 P.3d 449; *State v. Hall*, 1999 MT 297, ¶ 22, 297 Mont. 111, 991 P.2d 929; *State v. Southern*, 1999 MT 94, ¶ 92, 294 Mont. 225, 980 P.2d 3. "[W]hen circumstantial evidence is susceptible to two interpretations, one which supports guilt and the other which supports innocence, the trier of fact determines which is most reasonable." *Hall*, ¶ 22 (citing *State v. Arthun*, 274 Mont. 82, 91, 906 P.2d 216, 221 (1995)). Furthermore, the credibility and weight of testimony are within the exclusive province of the jury, and conflicting testimony does not render evidence insufficient to support a conviction. *State v. Wood*, 2008 MT 298, ¶ 43, 345 Mont. 487, 191 P.3d 463. The jury has the discretion to determine whether the alternative theory is reasonable. *State v. Lucero*, 214 Mont. 334, 339, 693 P.2d 511, 514 (1984). The "unauthorized control or possession of property belonging to another is a circumstance from which the jury may draw an inference and find that the person in possession committed the theft of the property, if such an inference is warranted by the evidence as a whole." *State v. Kelley*, 2005 MT 200, ¶ 21, 328 Mont. 187, 119 P.3d 67 (citing *State v. Kramp*, 200 Mont. 383, 397, 651 P.2d 614, 621-22 (1982)). Moreover, it is the jury's exclusive province to determine whether the evidence warrants such an inference. *Kelley*, ¶ 21 (citing *Kramp*, 200 Mont. at 397, 651 P.2d at 622). We will not disturb a jury's conclusion if the state produces sufficient evidence to justify a jury's findings, unless there was a clear misunderstanding by the jury or there was a

7

misrepresentation to the jury. *Lucero*, 214 Mont. at 338, 693 P.2d at 513-14 (citing *State v. Swazio*, 173 Mont. 440, 445, 568 P.2d 124, 127 (1997)).

¶16 From the record it is apparent that the State produced sufficient evidence to justify the jury's findings and that the jury made reasonable inferences based on a totality of the evidence. Hernvall and Pullan were discovered trespassing after dark on Ballard's recently burglarized property. The Mitsubishi they were sitting in contained items stolen from Jensen's property. Other items stolen from both properties were found in Ballard's barn. Tire tracks from Jensen's stolen motorcycle led from Jensen's property to Ballard's property where the stolen items, Hernvall, and Pullan were found. Although Hernvall argues he was just "in the wrong place at the wrong time" and alleges Pullan made out-of-court statements that implicated others and exculpated him, there was sufficient evidence for a rational juror to conclude beyond a reasonable doubt that Hernvall committed the burglaries and the theft for which he was convicted.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Hernvall's IAC claims must be raised in postconviction relief because his assertions are not based on facts in the record. The State presented sufficient evidence for a rational trier of fact to find each element of theft, burglary, and accountability beyond a reasonable doubt.

¶18 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE